(May 23, 1972)

█    328 E. 56 ST. REST. INC., Respondent, v. POLLDON REST., INC., Appellant, et al., Defendant.— Appeal from that part of an order of the Supreme

Court at Special Term entered February 3, 1972 in New York County, which denied a cross motion by appellant for an order to dismiss the complaint.

*Per Curiam.* This is an action for specific performance of a contract. Defendant-appellant moved to dismiss the complaint on the ground of lack of authority to institute or maintain this action. The parties hereto entered a contract and a supplemental agreement, both dated July 6, 1971, for the sale and purchase of a restaurant located at 328–334 East 56th Street, Borough of Manhattan. The contract of purchase on behalf of plaintiff was signed by " Alan Rosof, Pres." The contract, *inter alia,* was expressly conditioned upon " [a] The approval by the New York State Liquor Authority of the transfer of the existing restaurant and credit liquor licenses to the Purchaser." Defendant in its affidavit in opposition to plaintiff's application for the appointment of a temporary receiver (served concurrently with the summons and complaint) asserts there was a delay by plaintiff in making application to the State Liquor Authority (SLA), and the application was not finalized until September, 1971. As a result defendant, by its attorney, notified plaintiff the contract of sale was null and void. The affidavit then goes on to state " Subsequent thereto, negotiations were had between *duly authorized representatives* " of plaintiff concerning the default and on October 19, 1971, " a written agreement was made and entered into " between plaintiff and defendant " amending the contract of July 6, 1971 " (italics supplied). Substantial changes were made in such agreement whereby plaintiff was saddled with additional financial burdens. At the date and time set for the closing the parties appeared at the office of defendant's attorney. Defendant desired to close in accordance with the July 6, 1971 agreement, as modified by the October 19, 1971 writing which was signed on behalf of defendant by Errico and Van Arthos as secretary and president respectively. Plaintiff, by Rosoff and Dolgin, refused to close, objecting particularly to the October 19, 1971 agreement as unauthorized. This action followed. Defendant asserts Rosoff and Dolgin together own one third of the plaintiff corporate stock and Van Arthos and Errico, officers and directors of the plaintiff, each own one third. According to defendant Van Arthos has been manager and vice president of defendant since its inception and Errico has been host at defendant for several months. The motion by defendant to dismiss the complaint is supported by a joint affidavit of Van Arthos and Errico who allege they are sole officers and directors of plaintiff and did not authorize the instant action or application. The affidavit of Rosoff alleges that he and Dolgin were introduced to this restaurant by Errico and Van Arthos. Rosoff and Dolgin were to supply the money for the purchase, Van Arthos would continue as manager and Errico as host. It is also asserted and not denied that at the time of the application to SLA and the processing thereof no corporate action had been taken, no stock issued and no elections held and no by-laws formulated. While the president of a corporation has presumptive authority to prosecute suits in the name of the corporation (cf. *Rothman & Schneider* v. *Beckerman,* 2 N Y 2d 493), such presumption would not obtain where the board of directors has resolved to the contrary or failed to authorize the president to institute such action (*Sterling Ind.* v. *Ball Bearing Pen Corp.,* 298 N. Y. 483). This record leaves many questions unanswered as to the status of the various individuals. Rosoff signed the original contract as president. No minutes or resolutions are presented showing when or how he was authorized to do so. Or, assuming that Rosoff was so authorized, and no one has questioned his power to execute the contract, when and how, at what meeting, by what authority as evidenced in the minutes, or when the office changed hands and

Van Arthos became president and Errico secretary. There are no minutes as to corporate action taken in such capacity by them, with respect to this action. While the principles of law are clear with respect to maintenance of a suit by or on behalf of a corporation, the facts which bring those principles into play are not so evident on this record as to call for their automatic application. Accordingly, the order entered February 3, 1972, to the extent appealed from, affirmed, without costs, and without prejudice to a further application for the relief sought herein. Stevens, P. J., McGivern, Steuer, Tilzer and Eager, JJ., concur. Order, Supreme Court, New York County, entered on February 3, 1972, so far as appealed from, unanimously affirmed, without costs and without disbursements, and without prejudice to a further application for the relief sought herein.