■ CONCRETE CONSTRUCTION SYSTEMS, INC., Respondent, v DONALD JENSEN, Appellant. In the Matter of the Dissolution of CONCRETE CONSTRUCTION SYSTEMS, INC. DONALD JENSEN, Appellant; DARRELL PARKS, Respondent. —Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff was incorporated in 1973 by Darrell Parks. Following the incorporation no action was taken to comply with the corporate form as prescribed by the Business Corporation Law. No organization meeting was held, no directors were elected, no officers were named and no shares were issued. Nevertheless, Parks, describing himself as president, and the defendant, Donald Jensen, using the title of vice-president, proceeded to engage in business under the corporate name, each having an equal voice in its operation. In January, 1975 they signed a document which provided that each owned 50% of the corporation and that "division of stock will be made accordingly as soon as possible". In Febru-

ary, 1977 Jensen disassociated himself from the business and Parks has since continued to operate it individually. This action was commenced in March, 1978 to replevy certain corporate property and to recover damages for fraudulent misrepresentation, misappropriation of a business opportunity and failure to repay loans. Additionally, plaintiff moved for an order of seizure of the property sought to be recovered pursuant to CPLR 7102 (subd [d]). In response, defendant moved to stay the action until the completion of the proceeding, simultaneously commenced by him, to dissolve the corporation or, alternatively, to dismiss the action pursuant to CPLR 3211 (subd [a], par 3) based upon the asserted legal incapacity of the plaintiff to sue. Special Term properly denied defendant's motion for a stay since his petition for dissolution could not be sustained. The statute (Business Corporation Law, § 1104), which is to be strictly construed (see 12 NY Jur, Corporations, § 928), provides that shareholders entitled to vote in an election of directors may present a petition for dissolution. Inasmuch as shares have not been issued, defendant was not qualified to commence a dissolution proceeding (see 4 White, NY Corporations, par 1104.02) and therefore there was no basis for a stay. The proper issuance of shares requires that the certificates be signed by board members or officers of the corporation (Business Corporation Law, § 508, subd [a]), and thus it appears that defendant, as a precondition to dissolution, must compel the organization of the corporation, as mandated by subdivision (a) of section 404 of the Business Corporation Law, in order to obtain the distribution of stock provided for in his written agreement with Parks. Defendant's motion to dismiss, however, should have been granted on the basis that Parks is not a corporate officer. Officers are appointed or elected by the board of directors unless the certificate of incorporation provides that officers shall be elected by the shareholders (Business Corporation Law, § 715, subds [a], [b]). Here, as Parks acknowledges, neither body came into existence. Accordingly, since Parks was not properly designated, he lacked authority to direct the commencement of this action (cf. *328 E. 56 St. Rest. v Polldon Rest.,* 39 AD2d 689; *M & E Luncheonette v Freilich,* 30 Misc 2d 637). Parks' reliance upon the authority granted an incorporator by section 404 of the Business Corporation Law is misplaced. His verification of the complaint does not constitute a direction within his power as incorporator since it erroneously assumes that section 404 was intended to authorize the incorporator to operate the corporation indefinitely (see 8 Fletcher, Cyclopedia Corporations, §§ 3739, 3744-3749). Neither this section nor subdivision (c) of section 615 of the Business Corporation Law, upon which Parks also relies, was designed to supplant the principle that a corporation is to be managed by its board of directors (Business Corporation Law, § 701). Finally, we note that we are not here presented with the issue of whether Parks may now assert corporate rights in a stockholder's derivative action (see Business Corporation Law, § 626). What is clear, however, is that Parks, as the sole incorporator of record, failed to comply with subdivision (a) of section 404 of the Business Corporation Law by not holding an organization meeting. It is equally clear that the various rights and remedies established in the Business Corporation Law assume that the involved corporation has been properly organized. In our view, the corporate claims sought to be asserted here could properly be resolved, if represented, following organization of the corporation, an event apparently within the power of Parks. We are aware that upon the holding of such a meeting other issues, some of which have been speculatively developed by the parties in the record and in their briefs, may well arise, but in the face of clear noncompliance with the Business Corporation

Law and the total absence of any effort either by Parks or Jensen to cure the defect, resolution of those issues would be premature. (Appeal from order of Monroe Supreme Court—replevin.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Witmer, JJ.