■ JEREMIAH O'BRIEN et al., as Executors of JERRY F. O'BRIEN, Deceased, Appellants, v JAMES O'BRIEN et al., Respondents.—In an action wherein plaintiffs seek, *inter alia,* an accounting of two closely held corporations and a judgment declaring invalid a shareholder's agreement, and in which defendants have interposed counterclaims seeking, *inter alia,* to enforce the agreement, plaintiffs appeal from so much of a judgment of the Supreme Court, Queens County, entered September 8, 1977, as, after a nonjury trial, (1) dismissed plaintiffs' first, second, third, fourth, sixth and seventh causes of action, (2) directed plaintiffs to specifically perform the shareholder's agreement by conveying to the defendant O'Brien Brothers Oil Burners, Inc., the stock certificate issued by that corporation to plaintiffs' testator, and (3) directed said defendant, upon delivery, to pay plaintiffs a certain sum. Judgment modified (1) by deleting from the first decretal paragraph thereof the words "Third" and "Seventh" and the said causes of action are reinstated; (2) by deleting from subdivision 2 of the third decretal paragraph thereof the words "the sum of $57,207.12" and substituting therefor the words "the sum of $59,107.12" and (3) by adding to subdivision 2 of the third decretal paragraph thereof, after "1973", the following: "inclusive of misappropriated oil rebate funds of the corporation". As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to Trial Term for further proceedings consistent herewith. Findings of fact and law inconsistent herewith are reversed. The record discloses misapplication by an employee and an officer of rebates received by the defendant O'Brien Brothers Oil Burners, Inc., to the extent of $3,800 which sum should be restored to the corporation to become part of the funds to be used in computing the book value under the agreement. Plaintiffs' seventh cause of action sought an accounting with respect to the defendant Jimob Realty Corporation, a subsidiary real estate corporation wholly owned by defendant O'Brien Brothers Oil Burners, Inc. We do not find a written demand to be a *sine qua non* to an inspection of the corporate books, a statement of which defendant James O'Brien admitted was last furnished to the stockholders more than 23 years ago. At common law under such circumstances the plaintiffs would have been entitled to an accounting, and section 624 of the Business Corporation Law has been "deemed to work no substantive change in the law (see *Matter of Gottdenker v Philadelphia & Reading Corp.,* 31 AD2d 152, 155; see, generally, Joint Legislative Committee to Study Revision of Corporation Laws, 7th Interim Report [1963], §§ 624, 1315; Hornstein, Analysis of Business Corporation Law, McKinney's Cons Laws of NY, Book 6, Business Corporation Law, Appendix 1, p 463)." *(Matter of Crane Co. v Anaconda Co.,* 39 NY2d 14, 19-20.) The authority conferred in subdivision (f) of section 624 of the Business Corporation Law empowers a court to direct an examination under such circumstances as this. There should be an accounting with respect to Jimob Realty Corporation in view of the fact that there has been no accounting for 23 years. Hopkins, J. P., Mangano, Rabin and Gulotta, JJ., concur.