■ In the Matter of STANLEY C. ROSEN, Respondent. HOFTELLER ENTER-PRISES, INC., et al., Appellants. — In a proceeding pursuant to section 1104-a of the Business Corporation Law for judicial dissolution of two close corporations, the corporations appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Durante, J.), dated May 11, 1983, as denied their motion to dismiss the petition, and granted the petition without a hearing. ¶ Order reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to Special Term for a hearing on the issue of "oppressive actions toward the complaining shareholder", pursuant to sections 1104-a (subd [a], par [1]) and 1109 of the Business Corporation Law, and a new determination in accordance herewith. ¶ The instant proceeding to judicially dissolve two close corporations was commenced by petitioner, a shareholder in each of the two appellant close corporations, pursuant to section 1104-a (subd [a], pars [1], [2]) of the Business Corporation Law. This statute provides as follows: ¶ "§ 1104-a. Petition for judicial dissolution under special circumstances ¶ "(a) The holders of twenty percent or more of all outstanding shares of a corporation, other than a corporation registered as an investment company under an act of congress entitled 'Investment Company Act of 1940', no shares of which were listed on a national securities exchange or regularly quoted in an over-the-counter market by one or more members of a national or an affiliated securities association, who are entitled to vote in an election of directors may present a petition of dissolution on one or more of the following grounds: ¶ "(1) The directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders; ¶ "(2) The property or assets of the corporation are being looted, wasted, or diverted for non-corporate purposes by its directors, officers or those in control of the corporation". ¶ Although Special Term found, and correctly so, that there was "no evidence that the property and assets of the corporation are being looted", it held, solely on papers, that the appellants' "actions toward the petitioner [did] constitute 'oppressive' conduct within the statutory framework". ¶ Special Term erred in deciding this issue without a hearing. It has been held that in New York, judicial dissolution is not authorized simply because: "the parties no longer get along * * * Judicial dissolution is only authorized in New York where there is evidence of conduct which fair-minded people would find objectionable * * * To hold otherwise and to suggest that section 1104-a authorizes dissolution without such a showing would, in fact, authorize 'at will' dissolutions. That, as a basis for corporate dissolution, does not exist in New York" (*Mardikos v Arger,* 116 Misc 2d 1028, 1031-1032). ¶ In resolving the issues necessarily framed by a petition for judicial dissolution pursuant to section 1104-a of the Business Corporation Law, the Legislature provided, in section 1109 of the Business Corporation Law, that a hearing be conducted by the court to "hear the allegations and proofs of the parties and determine the facts" (see, also, *Matter of Allchester Dev. Co.,* 34 AD2d 660). In view of the conflicting affidavits submitted by the parties, particularly regarding petitioner's alleged misconduct, and the fact that the two corporations are thriving, Special Term erred in granting the petition for dissolution without first conducting a hearing on the issue of whether appellants were guilty of oppressive conduct toward the petitioner. Accordingly, the order is reversed, insofar as appealed from, and the matter is remitted to Special Term for a hearing on this issue. Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC BURNS, Appellant. — Judgment of the County Court, Suffolk County (Barr, J.), rendered October 4, 1982, affirmed. (*People v Lacher,* 59 AD2d 725, application for lv to app den 43 NY2d 838.) Titone, J. P., Mangano, Gibbons and Brown, JJ., concur.