■ In the Matter of the Dissolution of THREE HOURS PLANTS AND FLOWERS, LTD. MINOS DIACOMANOLIS, Appellant; JOHN PALOS, Respondent.—Order, Supreme Court, New York County (George Bundy Smith, J.), entered October 11, 1985, which dismissed a petition seeking the dissolution of Three Hours Plants and Flowers, Ltd. pursuant to Business Corporation Law § 1104, unanimously modified, on the law, without costs, to deny the motion to dismiss the petition and to remand for a hearing to determine whether or not petitioner is the holder of one half of all outstanding shares of a corporation entitled to vote in an election of directors within the meaning of Business Corporation Law § 1104.

In a proceeding commenced pursuant to Business Corporation Law § 1104, petitioner alleges that under an agreement entered into between him and respondent, 50% of the outstanding voting shares of Three Hours Plants and Flowers, Ltd. were issued to him, and that the other 50% of the shares were held by the respondent.

It is undisputed that the corporation was organized for the purpose of operating a retail flower shop, and that under the agreement the shares were sold to petitioner, and in fact delivered to him, for the sum of $50,000, the shares to be paid for from the profits of the corporation. The agreement further stated that in the event there were no profits, the payments were not required to be made "except that they shall accumulate and be paid at the time there is a profit upon a sale." Petitioner alleged that he was wrongfully terminated from his employment, and did not receive the compensation promised to him although he had worked conscientiously over a period of time. In his answer, the respondent contended that it was the understanding of the parties that petitioner was to work

for the corporation and to create the profits to pay for the shares, and that petitioner terminated his employment without cause or justification and did not pay for the shares.

Special Term dismissed the petition for dissolution without prejudice to the petitioner's commencement of a declaratory judgment action for the adjudication of stock ownership. We disagree, and accordingly modify the order appealed from to vacate the dismissal of the petition and to direct a hearing with regard to petitioner's right to commence an action under Business Corporation Law § 1104.

Preliminarily, there appears no persuasive reason why petitioner's right to commence a dissolution proceeding should not appropriately be determined as part of the dissolution proceeding itself. We do not interpret this court's decision in *Matter of Three Hundred Fifty W. Forty-Sixth St. (Marbo)* (20 AD2d 685) as either requiring such a separate proceeding or recommending it as a preferable approach.

Finally, we have concluded that it would be premature to address the substantive issue presented in a case in which that issue was not addressed by Special Term, the appellate presentation was primarily addressed to the procedural question, and the record discloses fundamental factual issues that should be resolved at a hearing before the ultimate question of petitioner's right to bring this proceeding is determined. Concur—Sandler, J. P., Carro, Milonas and Wallach, JJ.