■ In the Matter of PICKWICK REALTY, LTD, Respondent. BERNARD J. LAWLER, Appellant.—Kane, J.

Petitioner is an attorney who became associated with a partnership known as the Hubert L. Brown Law Offices in 1969. In 1971, the two active members of that partnership, Richard Devine and Charles Shorter (hereinafter collectively referred to as respondents), approached petitioner about becoming a partner in the firm. Thereafter, in 1972, a document was prepared by respondents entitled "Confidential Memo for Bernard J. Lawler", which was a proposal offering petitioner a one-third interest in the law partnership and the tangible assets thereof for the sum of $100,000. In the ensuing discus-

sions, a formal offer was made for petitioner to purchase 1,000 shares of the common stock of Pickwick Realty, Ltd. (hereinafter Pickwick) for the sum of $70,000. Pickwick was formed in 1972 as the holding company for, *inter alia,* the real estate upon which the law offices were located, and the individual respondents were each issued 1,000 shares of its common stock.

Petitioner issued a check dated January 25, 1973 in the amount of $10,000, payable to the newly incorporated Hubert L. Brown Law Offices Professional Corporation, and was issued, along with respondents, 10 shares each of stock therein. On the same day, the organizational meeting of Pickwick was held; however, it was not until December 13, 1973 that a certificate for 1,000 shares of common stock in Pickwick was drawn up in petitioner's name. That certificate was left on the corporate books for several years thereafter until marked "voided" on November 15, 1982.

This litigation, in which petitioner seeks judicial dissolution of Pickwick as an owner of more than 20% of its outstanding common stock *(see,* Business Corporation Law § 1104 [a]), has precipitated conflicting charges and countercharges brought by the principals involved, all arising out of the circumstances outlined above. The linchpin of this acrimonious controversy is a determination of whether petitioner is, in fact, a stockholder in Pickwick. It is his contention that the payment of the $10,000 was in furtherance of a "package deal" to acquire an interest in both the professional corporation and the realty company, while his adversaries insist the payment was for an interest in the law practice only. In our view, no useful purpose would be served in documenting the sharply disputed issues arising out of the professional relationship of these parties during a 9½-year period. Unfortunately, the animosity which exists between these ex-business partners has spawned serious questions of credibility, which should be resolved at a hearing for testimony by those having exclusive knowledge of the facts *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; *Fisher v Kavoussi,* 90 AD2d 597, 599). In particular, we note that much of the information relied upon as a defense to this proceeding is dependent upon knowledge in the possession of those seeking dismissal *(see, Terranova v Emil,* 20 NY2d 493, 497; *Lewis v I.K.E. Realty Assocs.,* 81 AD2d 711).

Accordingly, a hearing should be held to determine petitioner's precise status in respect to the ownership of stock in Pickwick *(see, Matter of Three Hundred Fifty W. Forty-Sixth*

*St. [Marbo],* 20 AD2d 685, 686; *see also, Matter of Three Hours Plants & Flowers [Diacomanolis-Palos],* 135 AD2d 396, 397).

Order and judgment reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.