■ In the Matter of EMANUEL KOURNIANOS, Respondent. H.M.G., INC., Also Known as HARRY'S FRIENDLY SERVICE STATION, Appellant.—In a proceeding pursuant to Business Corporation Law §§ 1104 and 1104-a for judicial dissolution of a close corporation, the corporation appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 4, 1989, which granted the petition without a hearing.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a hearing pursuant to Business Corporation Law § 1104 (a) (1) and (3), §§ 1104-a, and 1109, and a new determination in accordance herewith.

Pursuant to an agreement executed in 1976, the petitioner and Richard Olin each acquired one-third of the shares of the appellant corporation. The original owner retained a one-third interest in the corporation. The petitioner subsequently commenced this proceeding in 1989, seeking judicial dissolution of the corporation under Business Corporation Law § 1104 (a) (1) and (3), which permit the holders of one-half of the outstanding shares of a corporation to petition for its dissolution on the ground that the directors are divided with respect to the management of the corporation and that there is internal dissension among the shareholders. The petitioner alleged that he had purchased additional shares of the corporation from the original owner and now held one-half of the outstanding shares. The petitioner's allegation was disputed by Olin, who claimed that the original owner, although retired, still retained a one-third interest in the corporation. In addition to the claim for dissolution based on his alleged status as a 50% owner of the corporation, the petitioner also sought dissolution under Business Corporation Law § 1104-a, which permits holders of more than 20% of the outstanding shares to petition for dissolution on the grounds, *inter alia,* of oppressive actions towards the complaining shareholders and waste of corporate assets by those in control of the corporation.

We find that the court abused its discretion in granting judicial dissolution without a hearing. The petitioner failed to submit evidence sufficient to establish that he owns one-half of the shares of the corporation and is therefore entitled to commence a proceeding under Business Corporation Law § 1104 *(see, Matter of Three Hours Plants & Flowers [Diacomanolis—Palos],* 135 AD2d 396). Furthermore, although the rec-

ord establishes that there is disagreement between Olin and the petitioner, a hearing pursuant to Business Corporation Law § 1109 is required to resolve disputed issues of fact with respect to the merits of the petitioner's application under Business Corporation Law §§ 1104 and 1104-a and the appropriate remedy *(see, Matter of MacDougall [Manhattan Ad Hoc Housewares],* 150 AD2d 160; *Matter of Ricci v First Time Around,* 112 AD2d 794; *Matter of Rosen [Hoftella Enters.],* 102 AD2d 855). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.