■ In the Matter of GEORGE E. KOCH et al., Respondents, v SPECTO OPTICAL, INC., et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel disclosure of the books and records of Specto Optical, Inc., the appeal, as limited by appellants' brief, is from so much of an order of the Supreme Court, Westchester County (Delaney, J.), dated June 28, 1990, as, upon granting reargument, granted the petitioners' application to examine the books and records of Specto Optical, Inc.

Ordered that the order is affirmed insofar as appealed from, with costs.

The petitioner George E. Koch (hereinafter Koch) is the sole stockholder and general manager of the corporate petitioners George E. Koch, Inc. (hereinafter the Corporation) and Geko Imports, Inc. (hereinafter Geko). The two corporations are in the business of importing and marketing eyeglass frames.

The respondents Stephen J. Schwartz and Ben Baiocco are the stockholders and officers of the corporate respondent Specto Optical, Inc. (hereinafter Specto). Specto is also in the business of importing and marketing eyeglass frames.

In September 1987, the petitioners and Specto entered into an agreement whereby the corporate petitioners would be

merged into Specto. Pursuant to the agreement, the petitioners were to infuse capital into Specto in the amount of $300,000, and to become 20% stockholders in Specto. The process was to be accomplished by establishing a capital account on the books of Specto, into which the proceeds of the accounts receivables and the inventory of the corporate petitioners would be gradually paid until the figure of $300,000 was attained.

The implementation of the terms of the contract proved to be unsuccessful, and the petitioners commenced this proceeding seeking an order pursuant to Business Corporation Law § 624, and under a claimed common law right, directing the respondents to produce the books and records of Specto for inspection.

The respondents opposed the application on the grounds that the petitioners never became stockholders and were, therefore, not entitled to examine Specto's books and records. The respondents also counterclaimed to recover damages for fraudulent misrepresentation and for rescission.

The court initially granted the petitioners' application only to the extent of directing a hearing on the issue of whether the petitioners were entitled to disclosure pursuant to Business Corporation Law § 624. The petitioners moved for reargument on the ground that a written agreement between the parties established the petitioners' stock ownership which entitles them to disclosure. Upon reargument, the court granted the petitioners leave to examine Specto's books and records, and also granted the respondents leave to take the depositions of George Koch and his former employee Franzisca Dudin.

On appeal, the respondents, Specto and its officers, seek reversal of so much of the order made upon reargument as granted the petitioners' request to examine Specto's books and records.

We find that the provisions of the contract with respect to the petitioners' stock ownership are ambiguous. The parties submitted affidavits relating to the question of whether or not Koch, as the corporate petitioners' "designee", ever became a 20% stockholder of Specto. We find that the parties' affidavits create questions of fact so that we cannot make a determination with respect to the issue of stock ownership as a matter of law. However, under the circumstances of this case, the order compelling disclosure was nevertheless properly made and we affirm.

When the language of a contract is ambiguous the intent of the parties constitutes a question of fact *(see, Italian Benevolent Inst. v Elaine Co.,* 240 App Div 196). Paragraph 1 of the contract provided that the petitioners were to assign to Specto the Corporation's customer list and accounts receivable, and, Specto acknowledged "that the said accounts receivable are recognized as having a value, at this time, of approximately $268,000.00".

Paragraph 2 (a) of the contract then provided that "by reason of the customer list and the accounts receivable being assigned to Specto, it is understood and agreed that Corporation or its designee shall be deemed to have a capital account on the books of Specto for the benefit of Corporation or its designee that will entitle the beneficiary of said capital account to be an owner of twenty (20%) percent of all of the issued and outstanding capital stock of Specto with the right to receive twenty (20%) percent of the net profits of Specto". The clear meaning of this paragraph is that in order to have the right to receive 20% of the net profits of Specto, the beneficiary of the capital account must be a 20% owner of the issued and outstanding capital stock of Specto.

Paragraph 2 (b) then provided that "in order to entitle the Corporation or its designee to be the owner of twenty (20%) percent of all the issued and outstanding capital stock of Specto with a right to receive twenty (20%) percent of the net profits, as aforesaid, that there is required to be received by Specto a value in the amount of $300,000. Accordingly, the difference of $32,000.00, at this time, shall be in the form of $32,000.00 of the inventory of optical frames of Geko and such inventory shall be chosen by Specto and computed at the replacement value".

Despite the foregoing provisions, paragraph 12 of the contract provided, *inter alia,* that "[n]otwithstanding anything herein set forth, it is expressly understood and agreed that commencing one (1) year from the date of this Agreement and during each year thereafter (a) Koch shall be entitled to receive the sum of $12,000.00 as provided by Paragraph 6 hereof and (b) Corporation or its designee shall be entitled to receive twenty (20%) percent of the net profits of Specto as provided by Paragraph 2 hereof".

Since ownership of 20% of the issued and outstanding capital of Specto was made a condition precedent to the right to receive 20% of the net profits, it is not clear whether paragraph 12 was intended to waive that condition precedent

after the first year of the contract or whether Koch and the Corporation became a 20% owner of Specto immediately after the contract was signed.

The ambiguity is compounded by other provisions of the contract, as well as the conduct of the respondents after the contract was signed. Paragraph 3 of the agreement provided that "[b]y reason of Corporation or its designee being a shareholder of Specto, as aforesaid, Koch shall be elected to be a director of Specto * * * There shall be made available to Koch or his designee by Specto, without any cost to Koch or his designee, at the offices of Specto, 707 Fenimore Road, Mamaroneck, New York, or at 345 Fayette Avenue, Mamaroneck, New York the following: business office area, adequate storage space for inventory, use of telephone facilities, packaging of merchandise for shipment". This paragraph indicates that in order for Specto to provide these facilities to Koch and the Corporation he would have to be a director of Specto and, perforce, a shareholder. Even though the respondents contend that Koch never became a stockholder, they concede that Specto provided, and still provides, these facilities for Koch, at the expense of Specto.

In view of the foregoing, it is clear that a trial will be necessary in order to determine the respective rights and obligations of the parties (see, Matter of Benincasa v Garrubbo, 141 AD2d 636).

The petitioners, however, pursuant to Business Corporation Law § 624 (a) through (e), would be entitled to examine the corporate books of Specto only if they established stock ownership. On the other hand, the petitioners may not be able to establish that they became stockholders without examining the books and records of Specto. Business Corporation Law § 624 (f) provides that nothing under Business Corporation Law § 624 shall impair the power of the courts to compel production for examination of the books and records of a corporation (see, O'Brien v O'Brien, 75 AD2d 641; Lo Verde v Interex Design & Equip. Corp., 54 AD2d 1090). Under the circumstances of this case, the Supreme Court properly invoked its powers to compel disclosure under that subdivision, and we therefore affirm. Rosenblatt, J. P., Miller, Copertino and Pizzuto, JJ., concur.