■ In the Matter of SOLOMON SINGER, Appellant, v EVERGREEN DECORATORS, INC., Respondent. [613 NYS2d 667] —In a proceeding pursuant to Business Corporation Law § 1104-a for judicial dissolution of a close corporation, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Ramirez, J.), dated July 8, 1992, which, *inter alia,* dismissed the petition for judicial dissolution and

denied the petitioner's motion to compel disclosure of the books and records of Evergreen Decorators, Inc.

Ordered that the order and judgment is reversed, with costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

The subject corporation, Evergreen Decorators, Inc. (hereinafter Evergreen), was formed in 1983. The two principals in the company for the period of 1983 to 1989 were the petitioner Solomon Singer and Alex Stein. In the summer of 1989, Singer left the company. In October 1991 Singer commenced this proceeding for the judicial dissolution of Evergreen based on the alleged oppressive behavior of Stein. Through an exchange of multiple affidavits and affirmations, it was revealed that the parties disagreed about most of the important issues in this case, e.g., whether Singer was a shareholder in Evergreen and whether Stein forced Singer out of the business in 1989.

Without conducting a hearing, the court dismissed the petition. On appeal, Singer asserts that it was improper for the court to dismiss the petition without first conducting a hearing. We agree and reverse. Since the parties' affidavits and affirmations create questions of fact, we cannot make a determination as a matter of law with respect to the issue of stock ownership (see, Matter of Koch v Specto Opt., 184 AD2d 701, 702; Matter of Kournianos [H.M.G., Inc.], 175 AD2d 129; Matter of Pickwick Realty v Lawler, 158 AD2d 840). Accordingly, a hearing should be held to determine Singer's status with respect to the ownership of stock in Evergreen. If it is determined that Singer is a shareholder in Evergreen, then his application to examine the corporate books should be granted (see, Business Corporation Law § 1104-a [c]). Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.