■ In the Matter of NORMAN STEINBERG et al., Respondents. CROSS COUNTRY PAPER PRODUCTS CORP. et al., Appellants. [671 NYS2d 341] —In a proceeding pursuant to Business Corporation

Law § 1104-a for judicial dissolution of the Cross Country Paper Products Corp., the corporation and its shareholders other than Norman Steinberg and Madeline Steinberg appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated October 15, 1997, as denied their motion to dismiss the petition, and their alternate request for the appointment of a guardian ad litem for the petitioner Norman Steinberg, granted the petition, directed the appellants to purchase the petitioners' shares of stock within six months of the completion of an appraiser's report, appointed a temporary receiver for the corporation, and directed the receiver to select an independent appraiser to determine the value of the petitioners' shares of stock, and (2) from an order of the same court, entered October 8, 1997, which denied, as academic, the appellants' motion to extend the time within which they may elect to purchase the petitioners' shares pursuant to Business Corporation Law § 1118.

Ordered that the order dated October 15, 1997, is modified, on the law, by deleting the provisions thereof granting the petition, directing the appointment of a temporary receiver, directing the receiver to select an independent appraiser to determine the fair value of the petitioners' shares of stock, and directing the appellants to purchase the petitioners' shares of stock within six months after the completion of the appraiser's report; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order entered October 8, 1997, is reversed, on the law, without costs or disbursements, the appellants' motion is granted, and the time within which they may elect to purchase the petitioners' shares of stock pursuant to Business Corporation Law § 1118 is extended to 20 days after service on them of a copy of this decision and order, with notice of entry.

The Supreme Court properly concluded that the petition states a cause of action for dissolution of the corporation at issue pursuant to Business Corporation Law § 1104-a (a) (1) and (2) on the grounds of "oppressive actions" and corporate waste (*see, Matter of Kemp & Beatley,* 64 NY2d 63). The court erred, however, in granting the petition and directing a buy-out without conducting a hearing (*see,* Business Corporation Law § 1109). The conflicting affidavits submitted by the parties raise questions of fact regarding the merits of the petition and the appropriate remedy (*see, Matter of Kournianos [H.M.G., Inc.],* 175 AD2d 129; *Matter of MacDougall [Manhattan Ad Hoc Housewares],* 150 AD2d 160; *Matter of Rosen [Hoftella Enters.],* 102 AD2d 855).

The court further erred in appointing a temporary receiver for the corporation. The petitioners failed to demonstrate that the appointment of a receiver is necessary to preserve the assets of the corporation, operate the business, or protect the interests of the parties (*see,* Business Corporation Law § 1113; *Matter of Hessert v Brooklyn Home Dialysis Training Ctr.,* 231 AD2d 719).

Under the circumstances, the court should have afforded the appellants additional time within which to make an election to purchase the petitioners' shares of stock (*see,* Business Corporation Law § 1118 [a]).

The appellants' remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.