■ In the Matter of WTB PROPERTIES, INC. WILLIAM T. BARBERA, Respondent; LISA BARBERA et al., Appellants. [737 NYS2d 654] —In a proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for judicial dissolution of a closely-held corporation, Lisa Barbera, individually and as guardian of Joseph J. Barbera, and Bruna Barbera appeal (1) from an order of the Supreme Court, Westchester County (Barone, J.), entered April 18, 2001, which denied their motion to dismiss the petition and granted that branch of the petitioner's cross motion which was for leave to amend the petition, and (2), as limited by their brief, from so much of an order of the same court, also entered April 18, 2001, as granted that branch of the petition which was to dissolve WTB Properties, Inc.

Ordered that the order denying the motion to dismiss the petition and granting that branch of the cross motion which was for leave to amend the petition is affirmed, without costs or disbursements; and it is further,

Ordered that the order granting that branch of the petition which was to dissolve WTB Properties, Inc., is reversed insofar as appealed from, on the law, without costs or disbursements,

and the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith.

Business Corporation Law § 1106 requires, among other things, that a copy of an order to show cause seeking dissolution be published "at least once in each of the three weeks before the time appointed for the hearing thereon" as prescribed in the order, and that a copy of the order be served upon the New York State Tax Commission (hereinafter the Tax Commission) (Business Corporation Law § 1106 [b], [c]). The petitioner's order to show cause did not provide for publication, was not published, and was not served on the Tax Commission. While the Supreme Court providently exercised its discretion in permitting the petitioner to amend the petition and comply with the statutory requirements (*see,* Business Corporation Law § 1107; *La Sorsa v Algen Press Corp.,* 105 AD2d 771, 772), it erred in ordering dissolution before those requirements were satisfied (*see, La Sorsa v Algen Press Corp., supra; Muller v Silverstein,* 92 AD2d 455). Further, because there are questions of fact regarding the merits of the petition and the appropriate remedy, the Supreme Court should not have ordered dissolution without conducting a hearing (*see, Matter of Steinberg [Cross Country Paper Prods. Corp.],* 249 AD2d 551; *Matter of Fancy Windows & Doors Mfg. Corp. [Fei Wu],* 244 AD2d 484; *Matter of Kournianos [H.M.G., Inc.],* 175 AD2d 129).

The appellants' remaining contentions are either without merit or need not be addressed in light of our determination. Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.