In the Matter of the Dissolution of UPSTATE MEDICAL ASSOCIATES, P.C. FRESHTEH SALEHI, Respondent; ANTHONY TROITINO et al., Appellants. [739 NYS2d 766] —Mercure, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered July 23, 2001 in Albany County, which, inter alia, in a proceeding pursuant to Business Corporation Law article 11, determined that petitioner was entitled to certain corporate distributions.

Petitioner and respondents Anthony Troitino and Eric Gross are all physicians specializing in internal medicine. Effective March 1, 1997, they formed a group practice, respondent Upstate Medical Associates, P.C. (hereinafter Upstate Medical). Although each of the physicians held a one-third share in Upstate Medical, they did not receive equal compensation. Rather, their initial salaries were fixed on the basis of their prior income, as reflected on Schedule C of their federal income tax returns for the previous three years, and their ultimate compensation was to be based on the actual income they generated less one third of the total expenses of the practice. Because Troitino and Gross were already servicing about as many patients as they were able to and petitioner had a much smaller practice, it was clearly understood and represented to petitioner that substantially all new patients would be assigned to her and that, by the end of the first full year of operation, the incomes of the three would be approximately equal. Almost immediately after the formation of the practice, the relationship between petitioner and Troitino became strained and ultimately deteriorated to one of open hostility. Although Gross tried to address petitioner's complaints, recognizing Troitino's authority as president of Upstate Medical, he permitted Troitino to control the operation of the business. By the beginning of 1998, both Troitino and Gross had essentially stopped directing patients to petitioner. In October 1998, despite the fact that petitioner had doubled her productivity since the formation of the group practice, Troitino exercised his authority to discharge her effective November 30, 1998.

Petitioner thereafter brought this proceeding pursuant to Business Corporation Law § 1104-a to, inter alia, dissolve Upstate Medical. She also asserted causes of action alleging a

breach of fiduciary duty and fraud and sought an accounting of corporate earnings distributed solely to Troitino and Gross. The answer asserted counterclaims for, as relevant to this appeal, conversion, breach of fiduciary duty and fraud. After a nonjury trial, Supreme Court rendered a judgment in favor of petitioner awarding her $80,055.42, which represented one third of the total of disproportionate salary draws and profits distributed to Troitino and Gross in 1998 and following petitioner's wrongful termination. Supreme Court dismissed the counterclaims in their entirety. Respondents appeal.

We affirm. Initially, we reject the contention that the trial evidence did not support Supreme Court's findings that petitioner was an oppressed shareholder (*see*, Business Corporation Law § 1104-a [a] [1]) or that respondents breached their fiduciary duty to petitioner. Business Corporation Law § 1104-a provides for relief to shareholders of a close corporation when "[t]he directors or those in control of the corporation have been guilty of illegal, fraudulent or oppressive actions toward the complaining shareholders" (Business Corporation Law § 1104-a [a] [1]). Although the term "oppressive actions" is not statutorily defined, the Court of Appeals has held that "oppression should be deemed to arise * * * when the majority conduct substantially defeats expectations that, objectively viewed, were both reasonable under the circumstances and were central to the petitioner's decision to join the venture" (*Matter of Kemp & Beatley [Gardstein]*, 64 NY2d 63, 73).

Here, petitioner's testimony, which Supreme Court credited in the proper exercise of its fact-finding authority, indicated that Troitino and Gross excluded her from the daily operations of Upstate Medical, made personnel decisions without consulting her and generally undertook a course of conduct that frustrated her reasonable expectations that she would have an active role in Upstate Medical, that respondents would not interfere with her practice or its growth, and that respondents would not deprive her of a reasonable opportunity to earn a living by impermissibly terminating her employment. Respondents' claim that petitioner was properly discharged for good cause, which serves as the primary foundation for their analysis, relies in large measure on evidence that was specifically rejected by Supreme Court. In our view, the evidence supports Supreme Court's conclusions that by March 13, 1998, Troitino had already made a decision to terminate petitioner and that her supposed incompetence had no bearing on that decision. Significantly, although respondents argue on appeal that petitioner was terminated for incompetence, Troitino's trial

testimony indicated that he fired petitioner because he believed that she was telling patients that he "was missing diagnoses and prescribing wrong medications."

Nor are we persuaded to set aside Supreme Court's damage award. Based upon Supreme Court's implicit findings, first, that petitioner's 1998 income would have equaled that of Troitino and Gross if they had carried through on their promise to move new patients over to her and, second, that petitioner's employment was impermissibly terminated, fixing damages in an amount equal to the compensation for 1998 that she would have received absent respondents' wrongful conduct was entirely appropriate.

As a final matter, given the uncontroverted evidence that, following petitioner's forced departure from the practice, a very small amount of respondents' insurance money was inadvertently paid to petitioner and substantially all of it was repaid prior to the commencement of this proceeding, we reject the contention that the counterclaims were improperly dismissed.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, with costs.