■ In the Matter of FAZIO REALTY CORP. BEREL ZISMAN et al., Respondents. CHARLES NEISS, Nonparty Appellant. [781 NYS2d 118]—

In a proceeding for judicial dissolution of a corporation pursuant to Business Corporation Law § 1104, the nonparty Charles Neiss, a 50% shareholder, appeals from an order of the Supreme Court, Kings County (Bonina, J.), dated December 16, 2002, which granted the petition of the remaining 50% shareholders to dissolve the corporation.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

The petitioners collectively own 50% of the shares of Fazio Realty Corp., the owner of seven apartment buildings in Brooklyn, and are the corporation's sole directors and officers. The appellant Charles Neiss owns the remaining 50% of the shares and, pursuant to an agreement entered into between him and the petitioners in September 1997, has managed the corporation's day-to-day business.

The petitioners sought dissolution pursuant to Business Corporation Law § 1104 (a) (2) and (c) on the ground that, since the death of the appellant's father in November 1998, the shareholders have been unable to elect a successor to fill his vacancy on the Board of Directors. However, in the absence of evidence that the petitioners ever called for an election or proposed a third director, it cannot be said that the election of another director was necessary or could not be obtained. In any event, the inability of two 50% shareholders to agree on the election of a third director does not constitute grounds for dissolution, absent factual proof that the competing interests prevent efficient management and corporate success (*see Matter of Radom & Neidorff, Inc.*, 307 NY 1 [1954]; *Matter of Cantelmo*, 275 App Div 231 [1949]; *cf. Matter of Gordon & Weiss*, 32 AD2d 279 [1969]; *Matter of Surchin v Approved Bus. Machs. Co.*, 55 Misc 2d 888 [1967]), which was not present here.

The petitioners also sought dissolution pursuant to Business

Corporation Law 1104 (a) (3) on the ground that there was internal dissension and two or more factions of shareholders were so divided that dissolution would be beneficial to the shareholders. While it cannot be disputed that there exists considerable and apparently ever-increasing internal corporate conflict, under the circumstances, the petitioners failed to demonstrate that the dissension between them and the appellant resulted in a deadlock precluding the successful and profitable conduct of the corporation's affairs (*see Matter of Sternberg*, 181 AD2d 897 [1992]; *Matter of Ronan Paint Corp.*, 98 AD2d 413 [1984]). The dispute regarding the refinancing of certain mortgages is the subject of a pending declaratory judgment action, which, when resolved, will eliminate the deadlock on this issue. Moreover, the appellant's alleged refusal to grant the petitioners access to the corporate books and records was also not a ground for dissolution under the circumstances of this case (*Matter of Brickman v Brickman Estate at the Point*, 253 AD2d 812 [1998]; *Matter of Farega Realty Corp.*, 132 AD2d 797 [1987]).

The petitioners' remaining contentions are without merit. Florio, J.P., Schmidt, Mastro and Rivera, JJ., concur.