In the Matter of the Dissolution of CARRABASSET SQUARE MANAGEMENT CORPORATION and Another. WILLIAM H. CARSON, Appellant; KEITH L. JOHNSON, Respondent. [934 NYS2d 603]—

Kavanagh, J.

Petitioner commenced this proceeding pursuant to Business Corporation Law § 1104-a seeking to dissolve two corporations in which he was a minority shareholder. Respondent, the majority shareholder in both corporations, filed an answer with counterclaim seeking a dissolution pursuant to Business Corporation Law § 1104. After discovery and multiple conferences, respondent submitted an order for Supreme Court's review that dissolved both corporations. Petitioner objected to the order and requested that, instead of dissolution, the court allow petitioner to purchase respondent's majority share of the corporations. The court issued the order submitted by respondent and dissolved both corporations. Petitioner now appeals.

Petitioner's principal contention on this appeal is that Supreme Court erred by not holding a hearing to determine whether a forced buy-out by petitioner of respondent's interest was a more equitable remedy than dissolution (see Business Corporation Law § 1109). We disagree. Business Corporation Law § 1109 states that "the court . . . shall hear the allegations and proofs of the parties and determine the facts." Here, petitioner claimed in his petition that dissolution of both corporations was a "necessity" and argued that it was "the only feasible means" available to protect his investment because respondent, as the majority shareholder, was guilty of oppressive conduct. Given the content of these allegations and the concession implicit in both petitions that dissolution was a remedy that met the needs of both parties, a hearing was not required* (see Matter of Quail Aero Serv., 300 AD2d 800, 803 [2002]; see generally Matter of Wiedy's Furniture Clearance Ctr. Co., 108

* Petitioner claimed that by resigning as manager of one of the corporations, and abandoning his corporate responsibilities, respondent was guilty of oppressive conduct. Respondent, on the other hand, sought dissolution and claimed that petitioner had misappropriated funds from one of the corporations.

AD2d 81 [1985]; *compare Matter of Giordano v Stark*, 229 AD2d 493, 494 [1996]).

Petitioner also argues that Supreme Court should have given him the opportunity to purchase respondent's majority share when it ordered both corporations dissolved. However, such relief is not available to a petitioner who makes an application for dissolution pursuant to Business Corporation Law § 1104-a. The statute specifically provides that "any *other shareholder* . . . may, at any time within ninety days after the filing of such petition . . . , elect to purchase the shares owned by [*petitioner*] at their fair value and upon such terms and conditions as may be approved by the court" (Business Corporation Law § 1118 [a] [emphasis added]).

Finally, the proposed order, after being drafted by respondent but prior to Supreme Court signing it, was sent to petitioner and he was given an opportunity to review it and voice appropriate objections to its content. Having received notice of the order and an opportunity to be heard, petitioner was accorded appropriate due process prior to the court signing the order directing that both corporations be dissolved.

Mercure, A.P.J., Peters, Malone Jr. and Stein, JJ., concur. Ordered that the order is affirmed, with costs.