■ Francisco Jedrzejcyk, Appellant, v Nestor Gomez et al., Respondents. [985 NYS2d 18]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about October 3, 2012, which denied the petition for judicial dissolution of a corporation, and granted respondents' cross petition to dismiss the petition for lack of standing, unanimously reversed, on the law, without costs, and the matter remanded for a hearing on the issue of standing.

Although no shares in respondent Wales Development, Inc. were ever issued, petitioner established prima facie that he was the owner of a 50% interest in Wales—and therefore had standing to petition for the corporation's dissolution (*see* Business Corporation Law § 1104 [a])—by submitting evidence of an agreement between himself and respondent Gomez that he owned 50% of the corporation (*see United States Radiator Corp. v State of New York*, 208 NY 144, 149-150 [1913]; *Matter of Bhanji v Baluch*, 99 AD3d 587 [1st Dept 2012]; *Matter of M. Kraus, Inc.*, 229 AD2d 347 [1st Dept 1996], *lv dismissed* 89 NY2d 916 [1996]; *LaConti v Urban*, 309 AD2d 735 [2d Dept 2003]; *but see Concrete Constr. Sys. v Jensen*, 65 AD2d 918, 919 [4th Dept 1978]). The evidence included proof that petitioner contributed $1.4 million to the corporation and an affidavit by

his accountant stating that petitioner and Gomez had expressed an intent that each own 50% of the corporation, that petitioner had contributed monies to the corporation's bank account, that she had performed accounting services for the corporation pursuant to both petitioner's and Gomez's directions, and that petitioner and Gomez had held themselves out as partners.

Contrary to petitioner's contention, respondents' failure to include an affidavit by someone with personal knowledge does not render their factual assertions speculative, since the corporate books and records they submitted may constitute admissible evidence (*Hamiltonian Corp. v Trinity Ctr. LLC*, 66 AD3d 517 [1st Dept 2009]; CPLR 4518 [a]).

However, the parties' conflicting assertions and the inconsistent information in the corporate documents raise issues of fact, including the validity of the documents, that preclude a summary determination of petitioner's ownership status (*see Matter of Singer v Evergreen Decorators*, 205 AD2d 694 [2d Dept 1994]). Concur—Gonzalez, P.J., Sweeny, Moskowitz, Richter and Clark, JJ.