Matter of Nicastro v VJN Real Estate Corp. (2019 NY Slip Op 06495)





Matter of Nicastro v VJN Real Estate Corp.


2019 NY Slip Op 06495


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-11919
 (Index No. 85140/17)

[*1]In the Matter of Joseph Nicastro, petitioner-respondent,
v
VJN Real Estate Corp., et al., respondents-appellants, et al., respondent.


Kaufmann Gildin & Robbins LLP, New York, NY (Daniel Gildin and Kevin M. Shelley of counsel), for respondents-appellants.
Cuomo LLC, Mineola, NY (Oscar Michelen of counsel), for petitioner-respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for judicial dissolution of a closely held corporation, VJN Real Estate Corp. and Vincent Nicastro appeal from an order of the Supreme Court, Richmond County (Philip G. Minardo, J.), dated October 16, 2017. The order, among other things, in effect, granted that branch of the petition which was for judicial dissolution of VJN Real Estate Corp., and directed the sale of its principal asset.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings consistent herewith.
In July 2017, the petitioner commenced this proceeding, inter alia, pursuant to Business Corporation Law § 1104-a for judicial dissolution of the respondent VJN Real Estate Corp. (hereinafter VJN), a closely held corporation in which he is a 50% shareholder. The petitioner's brother, the additional respondent Vincent Nicastro (hereinafter the respondent), holds the remaining 50% of the shares of VJN. VJN's primary asset is a commercial building located in Brooklyn (hereinafter the subject property). In an order to show cause accompanying the petition, the petitioner sought a preliminary injunction enjoining the respondent and VJN "from transferring any assets of [VJN] outside the ordinary course of business" and to appoint an independent examiner and/or receiver to "conduct such examination as he/she deems necessary to effectuate the dissolution." The Supreme Court signed the order to show cause, but struck the provision providing for its publication in accordance with Business Corporation Law § 1106(b). In opposition, the respondent submitted his own affidavit, arguing, among other things, that injunctive relief was not warranted since the petitioner failed to establish that the respondent committed oppressive actions toward the petitioner (see generally Business Corporation Law § 1104-a[a][1]). In an order dated October 16, 2017, the court, inter alia, in effect, granted that branch of the petition which was for judicial dissolution of VJN, and directed that the subject property be sold and the net proceeds of such sale be distributed equally to the petitioner and the respondent. The respondent and VJN appeal. We reverse.
Business Corporation Law § 1106(a) provides, inter alia, that, upon the filing of a petition for dissolution of a corporation, "the court shall make an order requiring the corporation and all persons interested in the corporation to show cause before it . . . why the corporation should not be dissolved." The statute further provides, in relevant part, that "[a] copy of the order to show cause shall be published as prescribed therein, at least once in each of the three weeks before the time appointed for the hearing thereon, in one or more newspapers, specified in the order," and that a copy of the order be served upon the New York State Tax Commission (hereinafter the Tax Commission) (Business Corporation Law § 1106[b]; see Business Corporation Law § 1106[c]). Here, it is undisputed that the petitioner's order to show cause contained a provision providing for its publication; however, that provision was stricken, and therefore, the order to show cause ultimately was not published. It is also undisputed that the order to show cause was never served on the Tax Commission. The Supreme Court should not have, in effect, granted that branch of the petition which was for judicial dissolution of VJN before the requirements set forth in Business Corporation Law § 1106(b) and (c) were satisfied (see Matter of WTB Props., 291 AD2d 566, 567; see also Matter of Ruivo, 305 AD2d 688, 689).
Furthermore, we disagree with the Supreme Court's determination that the petitioner established his entitlement to the dissolution of VJN. The affidavit submitted by the respondent in opposition to the petition raised questions of fact regarding the merits of the petition and the appropriate remedy (see Matter of WTB Props., 291 AD2d at 567; Matter of Steinberg [Cross Country Paper Prods. Corp.], 249 AD2d 551, 552; Matter of Kournianos [H.M.G., Inc.], 175 AD2d 129, 129-130; Hoffman v S.T.H.M. Realty Corp., 2016 NY Slip Op 32945[U] [Sup Ct, Kings County]; Kassab v Kasab, 2014 WL 11498024, 2014 NY Misc LEXIS 6449, *14-15 [Sup Ct, Queens County, No. 14428/2013]). Indeed, there is no indication that the court gave any consideration as to whether a remedy other than dissolution would have been appropriate (see Qadan v Tehseldar, 139 AD3d 1036, 1037; Matter of Clever Innovations, Inc. [Dooley], 94 AD3d 1174, 1176). Under these circumstances, the court should not have ordered the dissolution of VJN and the sale of the subject property without conducting a hearing (see Matter of WTB Props., 291 AD2d at 567; Matter of Kournianos [H.M.G., Inc.], 175 AD2d at 129-130; cf. Matter of Dream Weaver Realty, Inc., 70 AD3d 941, 942; Matter of Neville v Martin, 29 AD3d 444, 445).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court