OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an action under the Returnable Container Act (ECL art 27, tit 10) by a beverage retailer against several beverage distributors. The plaintiff has, as required by ECL 27-1007 (1), *274 accepted empty bottles from the public, and has redeemed them for the familiar nickel deposit. In so doing, it has come into possession of a large number of bottles, at considerable cost. It is plaintiffs claim that the defendants have not fulfilled their obligation to redeem the bottles from it, for the nickel deposit plus a 1.5-cent handling charge, as required by ECL 27-1007 (2) and (3). Plaintiff seeks monetary damages for past violations, and injunctive relief against future violations.
The issue presented on this motion is whether the plaintiff has standing to bring the action. It is the defendants’ claim that the Environmental Conservation Law allows a private right of action only for a narrow class of distributors, that the plaintiff is not a member of this class, and that it is therefore relegated to seeking administrative action through the Department of Environmental Conservation.
The purpose of the Returnable Container Act is to discourage the public from littering by providing a financial incentive to return empty containers to dealers. (People v Port Distrib. Corp., 114 AD2d 259.) Each container offered for sale has a refund value of 5 cents. Each seller in the chain of distribution is required to charge this refund value as a deposit. (6 NYCRR 367.3.)
The ultimate consumer may then redeem the bottle with any retailer, and obtain a refund of the deposit. The retailer, or "dealer” (ECL 27-1003 [4]) is required to give the refund upon the tender of "any empty beverage containers of the design, shape, size, color, composition and brand sold by the dealer” (ECL 27-1007 [1]). There is no requirement that the customer return the container to the actual place of purchase, and it is thus quite possible that some dealers will wind up giving out refunds on more containers than they sold, a substantial burden. Others will wind up having to give refunds on far fewer containers than they sold, resulting in a windfall profit.
The dealers will tender the containers back to the distributor, who is similarly required to accept "any empty beverage containers of the design, shape, size, color, composition and brand sold by the distributor” (ECL 27-1007 [2]) without regard to whether the dealer is tendering more containers for refund than he actually purchased. The distributor must give the dealer a 1.5-cent "handling fee” in addition to the deposit.
A distributor who redeems more containers than he has sold can even out his books by obtaining reimbursement from the *275 original distributor of the extra containers (ECL 27-1007 [4]). To this end, the statute expressly provides a private right of action to such distributors to obtain reimbursement from the distributors who initiated the deposit on the containers involved. (ECL 27-1007 [4].)
It is defendant’s claim that plaintiff has no standing to bring an action under ECL 27-1007 (4), since it is not a "distributor” within the definition of ECL 27-1003 (6). The plaintiff contends that it is such a distributor, and that even if it is not, the statute does not preclude a private right of action to it, merely because it explicitly allows a right of action to others.
A "distributor” is defined as one who "bottles, cans or otherwise fills or packages beverage containers, or which engages in the sale of such containers to a dealer.” (ECL 27-1003 [6].)
Defendant cites a declaratory ruling of the Department of Environmental Conservation, Application of Eades (DEC Declaratory Rul 27-22, Apr. 11, 1989), for the proposition that one who sells beverages to consumers for off-premises consumption is a dealer and not a distributor. The ruling does not go so far. It holds only that tavern owners, who sell beer for off-premises consumption, are "dealers” and entitled to the 1.5-cent handling fee when they pass along to distributors the empties they have received from the consumers. It does not address the question presented here, which is whether one who sells directly to consumers as well as to other dealers enjoys the private right of action under ECL 27-1007 (4).
Neither the statute nor the implementing regulations promulgated by the Department of Environmental Conservation address the status of a person, such as plaintiff, who satisfies the definitions of both a distributor and a dealer. There seems to be no reason why plaintiff cannot be both. The court holds, therefore, that the plaintiff is a distributor, as well as a dealer.
The defendants interpret ECL 27-1007 (4) as extending a private right of action only to "deposit-initiating” distributors. It is their claim that the legislative intent was to allow this private right of action only between deposit initiators, so as to prevent abuses between them. The statute does not support such a narrow reading.
Without doubt, the plaintiff is a distributor on a smaller scale than the deposit-initiating defendants. The defendants *276 argue that to allow smaller distributors such as plaintiff the private right of action would do violence to the statutory scheme, which they claim is to leave most if not all enforcement activities to the Department of Environmental Conservation. The answer to this is that the Legislature expressly gave a private right of action to a class of persons, and that the plaintiff is a member of that class. If the Legislature intended so to limit the private right, it could easily have done so explicitly. In the very subdivision at issue, ECL 27-1007 (4), the statute refers separately to "[a] distributor who initiates a deposit” and to "any other distributor”. Thus, where the statute refers to "a distributor” generally and without any limitation such as "who initiates a deposit”, no such limitation should be read in. The Legislature could have drawn the class more narrowly, or it could have eliminated the private right of action altogether, but it did neither.
The defendants argue that the limitation also follows from the logical progression of ECL 27-1007 from the rights of redeemers (subd [1]), to those of dealers and redemption centers (subd [2]), to those of general distributors (subd [3]), and finally to those of deposit-initiators (subd [4]). This view of the logic of the section is appealing, but it does not fit the statute. Rather, the statute sets forth the obligations of dealers in subdivision (1), and the rest of the section then sets forth the obligations of distributors to dealers and to each other. Viewed in this light, it is the reference to deposit-initiators which is the exception in subdivision (4), and the other references to distributors, including the private right of action, are to distributors generally.
Therefore, the court concludes that the plaintiff does enjoy the right to bring a private action such as this to enforce its rights under the Returnable Container Act.
A second theory advanced by the plaintiff is that he may bring an action based upon a public nuisance theory. Violations of the Returnable Container Act are specifically declared to be a public nuisance by ECL 27-1015.
The Supreme Court, Queens County (LeVine, J.), considered that theory in a case very similar to the instant one, in T & L Redemption Center Corp. v Phoenix Beverages (NYLJ, Mar. 15, 1990, at 26, col 2). In fact, defendants have suggested that these two actions are essentially identical. There is a significant factual difference, however. The plaintiff in T & L Redemption was clearly a redemption center only, and thus *277 clearly not a distributor entitled to a private right of action under ECL 27-1007 (4).
Nonetheless, the court held that T & L Redemption Center was entitled to enforce its rights by way of an action premised upon the public nuisance theory. The court found special or peculiar damages necessary to sustain a private action for a public nuisance (Graceland Corp. v Consolidated Laundries Corp., 7 AD2d 89, affd 6 NY2d 900) in the specific economic loss suffered directly by the plaintiff, and not by the members of the public.
The court finds the logic of this decision persuasive, and adopts it here. It may also be observed that if such nuisance actions were not allowed, the declaration of nuisance would be rendered essentially meaningless. The plaintiff alleges special damages and is, therefore, entitled to bring an action to enforce the Returnable Container Act on a public nuisance theory, as well as by means of the private right of action.
The court also rejects the defendant’s arguments based upon the primary jurisdiction of the Department of Environmental Conservation, for the reasons stated in T & L Redemption Center Corp. v Phoenix Beverages (supra).
The plaintiff makes no attempt to sustain the third cause of action, sounding in antitrust, which is dismissed. The motion is otherwise denied.