■ RUSSIN BEER, INC., Respondent, v PHOENIX BEVERAGES, INC., et al., Appellants, et al., Defendant. [607 NYS2d 60] —In a private action under the Returnable Container Act (ECL 27-1001 *et seq.),* in which the plaintiff seeks, *inter alia,* to compel the defendants to redeem bottles from it, the defendants Phoenix Beverages, Inc., and Union Beer Distributors, Inc., appeal from so much of an order of the Supreme Court, Queens County (Lonschein, J.), entered August 16, 1990, as denied in part their motion to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

This case centers on the Returnable Container Act (ECL 27-1001 *et seq.),* which provides for the payment of the familiar five-cent deposit when certain beverages are purchased in New York State. The statute requires soft-drink, beer, and ale containers sold or offered for sale in New York to have a refund value of at least five cents *(see,* ECL 27-1005). Under the legislative scheme, the prime distributer of a particular type of beverage typically initiates a deposit on containers of that beverage. The deposit is paid in advance by each entity involved (i.e., by distributors and dealers) as the container moves down the line to the ultimate consumer. The deposit is then redeemed by each selling entity as the empty container moves back up from the consumer to the deposit-initiating

distributor. The Legislature found that requiring a deposit on all beverage containers would provide a necessary incentive for the economically efficient and environmentally benign collection and recycling of such containers (see, ECL 27-1001).

The statute defines a "dealer" as "every person, firm or corporation who engages in the sale of beverages in beverage containers to a consumer for off premises consumption in this state" (ECL 27-1003 [4]). A "distributor" is defined as "any person, firm or corporation which bottles, cans or otherwise fills or packages beverage containers, or which engages in the sale of such containers to a dealer" (ECL 27-1003 [6]). Dealers are required to accept empty beverage containers of the type and brand they sell, and pay to the redeemer the refund value of each such container (see, ECL 27-1007 [1]). Distributors must likewise accept from dealers any empty beverage container of the type and brand they sell, and pay the refund value of each such container as well as a 1.5 cent handling fee (see, ECL 27-1007 [2], [3]). Finally, a distributor who initiates a deposit on a beverage container must reimburse any other distributor who redeems such a container for the deposit and handling fee paid by the redeeming distributor (see, ECL 27-1007 [4]). Significantly, the statute provides "a distributor" with a civil right of action to enforce ECL 27-1007 (4), including the right to apply for injunctive relief against continuing violations.

The plaintiff brought this action as a "distributor", seeking to force the defendants to reimburse it for beverage containers it has been attempting to redeem. The defendants are deposit-initiating distributors and have been refusing to accept such containers from the plaintiff. The defendants contend that the plaintiff is a "dealer" not a "distributor" because a portion of its business is devoted to selling containers of beer to consumers for off-premises consumption. However, the majority of the plaintiff's business is devoted to selling containers of beer to other dealers. The Supreme Court held that this fact qualified the plaintiff as both a "distributor" and a "dealer". Since there is nothing in the statute or the implementing regulations addressing the status of an entity like the plaintiff who satisfies both definitions, we agree with the Supreme Court that there is no reason why the plaintiff cannot be characterized as both.

The defendants next contend that even if the plaintiff is a "distributor", the statute provides it with no civil right of action. The defendants argue that the right of action only inures for the benefit of distributors "who initiate a deposit on

beverage containers", and that the plaintiff in this case is not this type of "distributor". We disagree.

ECL 27-1007 (4) compels a distributor who initiates a deposit on a beverage container to reimburse "any other distributor" who redeems the container. It also provides "distributors" with a civil right of action to enforce the subdivision. Although the statute refers to deposit-initiating distributors in the first instance, in providing a private remedy to "distributors", it uses no limiting or qualifying language. Where words sensibly apply to a particular antecedent branch of a sentence in a statute or regulation, they should not be extended so as to apply to that which follows (see, *Matter of Mularadelis v Haldane Cent. School Bd.*, 74 AD2d 248, 253-254; *Matter of Budd v Valentine*, 283 NY 508). Generally, qualifying words and phrases are to be applied to those words and phrases preceding them, and ordinarily are not to be construed as extending to following words. Furthermore, the language of a statute is generally construed according to its natural and most obvious sense, without resorting to an artificial or forced construction (McKinney's Cons Laws of NY, Book 1, Statutes § 94). Since the plaintiff is a "distributor", as defined by the statute, it falls within the class of people having a civil right of action.

We have reviewed the defendants' remaining contentions and find them to be without merit (see, ECL 27-1015 [1]; *Leo v General Elec. Co.*, 145 AD2d 291, 294; *Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314; *Farmer v D'Agostino Supermarkets*, 144 Misc 2d 631; *Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11, 22-23). Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur. *[See,* 147 Misc 2d 273.]