■ Daniel J. Edelman, Inc., Appellant, v Justin Korn et al., Respondents. [646 NYS2d 811] —Order, Supreme Court, New York County (William Davis, J.), entered May 10, 1995, which, to the extent appealed from, granted defendants' motion for summary judgment dismissing the complaint, vacated an order of attachment, denied plaintiff's cross motion for summary judgment and for an extension of the order of attachment, and severed and continued defendants' counterclaim, unanimously modified, on the law, to the extent of denying defendants' motion for summary judgment as to the first and third causes of action seeking to pierce the corporate veil, reinstating those portions of the complaint, and granting plaintiff's motion to dismiss the defendants' counterclaim for malicious prosecution, and otherwise affirmed, without costs.

Plaintiff Daniel J. Edelman, Inc. ("Edelman") obtained a judgment from the Civil Court, New York County, against its

former subtenant, judgment debtor Videobox Networks Inc. ("Videobox Inc."), in the amount of $70,867.50. Defendant Justin Korn was a principal of Videobox Inc., and is a principal of defendant Videobox Networks, L.P. ("Videobox L.P."). To the extent relevant to this appeal, plaintiff's complaint sought to pierce the corporate veil and hold Justin Korn personally liable in order that it could satisfy its outstanding judgment.

Upon our search of the record, we find that there are triable issues of material fact as to whether either defendant so dominated the form of the corporate judgment debtor, Videobox Inc., as to justify piercing the corporate veil. This is particularly true given that resolution of this dispute calls for an assessment of Korn's credibility, which determination can only be made by a trier of fact at a plenary trial. Moreover, we find that defendants' counterclaim for malicious prosecution should have been dismissed and that no claim lies here for abuse of process (*see, Park v State of New York*, 226 AD2d 153, 154 ["mere commencement of the underlying civil action, and the issuance, via proper judicial process, of provisional orders of attachment enjoining claimants from transferring or secreting assets, are insufficient to form the basis for an abuse of process claim"]). Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.