■ FIRST NEW YORK REALTY CO., INC., Respondent, v FRANK DESETTO, Defendant, and FRANCAR CORP., Appellant. [655 NYS2d 937] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered June 14, 1996, awarding plaintiff $127,099.26, and bringing up for review an order of the same court and Justice, entered June 4, 1996, which granted plaintiff's motion for summary judgment, unanimously reversed, on the law, without costs, the judgment is vacated and plaintiff's motion is denied.

In this action to recover the balance of a real estate broker-

age fee, plaintiff's motion for summary judgment was improperly granted. While defendants concede that they orally agreed to pay plaintiff a commission of $165,250, or 5% of the entire $16^{1}/_{2}$ year lease value, the parties disagree as to the payment schedule of the commission. Plaintiff contends that the oral agreement required 55 consecutive installment payments of $3,000 per month, resulting in full payment of the commission during the fourth year of the lease. In contrast, defendants claim that the agreement called for installment payments extending over the entire period of the lease, contingent on the sublessee's continued payment of rent. Under defendants' formula, plaintiff would be paid $3,000 per month until one-third of the entire commission was paid, whereupon payments would be suspended until the second one-third of the lease term commenced (in year 7), when they would resume. Similarly, when two-thirds of the commission had been paid, the payments would again be interrupted until the final third of the lease term commenced (in year 12).

While defendants' explanation of the agreement is seemingly at odds with a prior interpretation offered in opposition to plaintiff's first summary judgment motion, it is well settled that issues of credibility are not properly resolved on a motion for summary judgment (*see, Curtis Props. Corp. v Greif Cos.*, 212 AD2d 259, 263). Moreover, a notation on defendants' first commission check, stating it was "1st payment on First 5 years," offers some support for defendants' assertion that the agreement contemplated payments over the entire lease term. In this instance, neither party can establish the precise terms of the oral agreement as a matter of law, and therefore a trial is necessary. Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.