■ T & L REDEMPTION CENTER CORP., Respondent, v PHOE-NIX BEVERAGES, INC., et al., Defendants, and PORT DISTRIBUT-ING CORP. et al., Appellants. [656 NYS2d 678] —In a private action under the Returnable Container Act (ECL 27-1001 *et seq.),* *inter alia,* to compel the defendants to redeem beverage containers, the defendants Port Distributing Corp., Prospect Beverages, Inc., and Clare Rose, Inc., appeal from an order of the Supreme Court, Queens County (Lonschein, J.), dated February 2, 1996, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellants' motion for summary judgment. However, we disagree with the Supreme Court's view that the plaintiff redemption center needed only to identify the brand of the beverage containers to establish the distributors' obligations to redeem such containers. Rather, the applicable rule is "[a] distributor shall accept from a dealer or operator of a redemption center any empty beverage containers of the design, shape, size, color, composition and brand sold by the distributor, and shall pay to the dealer or operator of a redemption center the refund value of * * * [not less than five cents for each beverage container]" (emphasis supplied) (ECL 27-1007 [2]; 27-1005; 6 NYCRR 367.5, 367.2 [w]). Thus, a distributor which sells brand X beer only in cans is not required to accept for redemption empty brand X beer bottles since the design, shape, size, color, and composition of cans and bottles are not the same *(Russin Beer v Phoenix Beverages,* 200 AD2d 659, 660 ["Distributors must * * * accept from dealers any empty beverage container of the *type* and *brand* they sell" (emphasis supplied)]).

The complaint sufficiently states a cause of action by its allegations that the defendants rejected containers that were sold by them *(see,* ECL 27-1005).

Inasmuch as there are issues of fact and credibility which cannot be resolved upon the submitted papers, the court

properly denied the appellants' motion for summary judgment *(see, Glick & Dolleck v Tri-Pac Export Corp.,* 22 NY2d 439, 441; *Matter of Leonard v Leonard,* 227 AD2d 624; *Omrami v Socrate,* 227 AD2d 459).

We have considered the appellants' remaining contentions and find them to be without merit. Pizzuto, J. P., Altman, McGinity and Luciano, JJ., concur.