■ SOLEIMAN DAYAN et al., Respondents, v JOSEPH YURKOWSKI, Also Known as JOSEPH YORK, Appellant. [656 NYS2d 689] —In an action to recover on a promissory note, the defendant appeals from a judgment of the Supreme Court, Queens County (Golar, J.), dated February 28, 1996, which, upon an order granting the plaintiffs' motion for summary judgment, is in favor of the plaintiffs and against him in the principal sum of $70,000.

Ordered that the judgment is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment is denied.

In the fall of 1981, the plaintiffs advanced $70,000 to their daughter and son-in-law to help the couple purchase a house. At the closing, the plaintiffs' daughter and son-in-law executed a promissory note in which they jointly and severally agreed to be liable for payment of the principal, plus interest, on demand. Twelve years later, the plaintiffs' daughter commenced a divorce action against her husband, and the plaintiffs then commenced this suit against their son-in-law to recover on the note. The plaintiffs subsequently moved for summary judgment, and the Supreme Court granted their motion, concluding that the defendant was bound by the clear and unambiguous terms of the note.

The defendant contends that the court erred in granting summary judgment because the parol evidence he presented in opposition to the motion raised an issue of fact as to whether he was fraudulently induced to execute the note based upon representations that the money advanced was a gift rather than a loan, and that the note was intended to reflect the fact that the gift was a pre-testamentary disposition to the plaintiffs' daughter. We agree. Although parol evidence may not be admitted to contradict, vary, add to, or subtract from the terms of a written agreement, such evidence is admissible to show that " ' "a writing, although purporting to be a contract, is, in fact, no contract at all" ' " (*Val-Ford Realty Corp. v J.Z.'s Toy World*, 231 AD2d 434, 435; *see also, Greenleaf v Lachman*, 216 AD2d 65; *Paolangeli v Cowles*, 208 AD2d 1174; Richardson, Evidence § 607, at 602 [Prince 10th ed]). Accordingly, the parol evidence offered by the defendant may be considered to show that the note, while valid on its face, was never intended to take effect (*see, Paolangeli v Cowles, supra; Hahn v Mills*, 72 AD2d 958). Since the defendant's allegations

raise issues of credibility inappropriate for summary judgment treatment, the plaintiffs' motion should be denied (*see, Val-Ford Realty Corp. v J.Z.'s Toy World, supra; Greenleaf v Lachman, supra; Hahn v Mills, supra*). Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.