■ SAMSUNG AMERICA, INC., Appellant-Respondent, v YUGOSLAV-KOREAN CONSULTING & TRADING CO., INC., et al., Respondents-Appellants. [670 NYS2d 466] —Order, Supreme Court, New York County (David Saxe, J.), entered on or about March 14, 1997, which, *inter alia*, granted defendants' cross-motion for summary judgment dismissing the fourth and eighth causes of action, denied plaintiff's motion for summary judgment on the first, second, third, eighth and thirteenth causes of action, denied plaintiff's motion to dismiss defendants' counterclaims and affirmative defenses, partially granted plaintiff's motion for summary judgment on its fifth cause of action, and denied defendants' cross-motion for summary judgment dismissing the second, fifth, sixth, seventh and thirteenth causes of action, unanimously modified, on the law, to grant plaintiff's motion for summary judgment on its first cause of action, to deny defendants' motion for summary judgment dismissing the fourth and eighth causes of action and to reinstate those causes of action, and otherwise affirmed, without costs.

Plaintiff, a New York corporation wholly owned by a Korean corporation, is a manufacturer of electronic goods. It brought this action setting forth various theories of recovery against defendant corporations and individual defendant Sead Dizdarevic, who is an officer, director and sole shareholder of defendant corporations, for damages allegedly related to delivery of certain goods by plaintiff to territory formerly within Yugoslavia, as to which plaintiff claims it was not paid, as well as for a declaratory judgment and for attorneys' fees.

First, we find that plaintiff was entitled to summary judgment on its first cause of action, seeking payment for costs of goods sold. There is no issue that the goods specifically at issue in this cause of action were received by defendants and were not paid for. We reject defendants' argument that summary judgment was properly denied because questions of fact remain as to whether the letters of credit opened by defendants in relation to the subject shipment were not paid solely because of

plaintiff's own failure to present the necessary documentation. As long as the bank dishonored the letters, the reason for dishonor is irrelevant to defendant's obligation to pay for the goods (UCC 2-325 [2]; *CT Chems. v Vinmar Impex*, 81 NY2d 174, 181). At most, if they are able to establish that it was plaintiff's fault that the letters were dishonored, defendants may have a claim for damages related to the allegedly wrongful failure to present the documentation. Since questions of fact remain as to the presentation of the proper documentation, we reject plaintiff's argument that we should grant summary judgment dismissing the third, fourth and fifth counterclaims seeking such damages.

As to plaintiff's fourth cause of action, in which plaintiff seeks to recover payment on six checks, we find that summary judgment was improperly granted to defendants where the parties' conflicting allegations raise triable issues of fact as to the purpose for which the checks were given to plaintiff. Concerning the eighth cause of action, a plaintiff may seek judgment against a corporation and to pierce the corporate veil all in one action (*see, Walkovszky v Carlton*, 18 NY2d 414, 419), and the parties' conflicting allegations raise an issue of fact as to whether the individual defendant used the defendant corporations for the transaction of personal business as opposed to corporate business (*see, Daniel J. Edelman, Inc. v Korn*, 231 AD2d 405; *Forum Ins. Co. v Texarkoma Transp. Co.*, 229 AD2d 341).

Summary judgment was properly denied with respect to the remaining causes of action, affirmative defenses and counterclaims, there being issues of fact requiring a trial. Concur— Sullivan, J. P., Milonas, Rosenberger, Ellerin and Wallach, JJ.