■ HARRY JONES, Appellant-Respondent, v NATALYA VOSKRE-SENSKAYA, Respondent, and DISCOVER TECHNOLOGIES, LLC, Respondent-Appellant. [5 NYS3d 16]—

Judgment, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered July 14, 2014, awarding defendant Discover Technologies, LLC (Discover) $81,807.60 in attorneys' fees, disbursement and interest, unanimously affirmed, without costs. Orders, same court and Justice, entered November 8, 2013 and on or about November 4, 2013, which granted the motions to dismiss the complaint brought against defendants Discover and Natalya Voskresenskaya, unanimously modified, on the law, to reinstate plaintiff's claim for breach of fiduciary duty against defendant Voskresenskaya, and otherwise affirmed, without costs.

The motion court erred in dismissing plaintiff's cause of action for breach of fiduciary duty against defendant Voskresenskaya. Plaintiff alleges that he and Voskresenskaya are equal members of the computer technology firm, Arcovis, LLC, pursuant to an operating agreement. The members of an LLC may stand in a fiduciary relationship to each other and the LLC (*see Pokoik v Pokoik*, 115 AD3d 428, 429 [1st Dept 2014]). Although Voskresenskaya raises issues about the viability of the operating agreement and the relative percentages of ownership and control, plaintiff's allegations are entitled to the benefit of every favorable inference at this point in the litigation (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Plaintiff further alleges that following extensive communications and negotiations between Arcovis and Discover about work Arcovis would do on an FDA contract awarded to Discover, Voskresenskaya was directly hired by Discover to do the work in her individual capacity. Plaintiff claims to have suffered $5 million in damages, representing lost business opportunity. Breach of fiduciary duty requires (1) the existence of a fiduciary duty owed by the defendant; (2) a breach of that duty; and (3) resulting damages (*Burry v Madison Park Owner LLC*, 84 AD3d 699, 700 [1st Dept 2011]). The facts alleged adequately support the claim and are set forth with sufficient particularity to survive a motion to dismiss (CPLR 3211 [a]; 3016 [b]; *Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC*, 83 AD3d 532, 533 [1st Dept 2011]).

To the extent that plaintiff is suing derivatively on behalf of Arcovis, he has sufficiently plead demand futility, in that Voskresenskaya, a coequal member of the LLC, has an interest in the challenged transaction (*Segal v Cooper*, 49 AD3d 467, 468 [1st Dept 2008).

The cause of action as against defendant Voskresenskaya for

tortious interference with prospective contractual relations was, however, properly dismissed since plaintiff failed to sufficiently allege that defendant Voskresenskaya acted "solely [out of] malice" or used improper means (*Lion's Prop. Dev. Group LLC v New York City Regional Ctr., LLC*, 115 AD3d 488, 489 [1st Dept 2014]).

The motion court also correctly dismissed the complaint as against defendant Discover. The cause of action for breach of contract failed to sufficiently articulate that Discover breached the nondisclosure agreement it entered into with Arcovis, LLC. The allegations supporting this cause of action are vague, speculative and unsupported by any facts (*see Gordon v Dino De Laurentiis Corp.*, 141 AD2d 435, 436 [1st Dept 1988]). Contrary to plaintiff's contention, defendant Discover is entitled to attorneys' fees pursuant to the parties' nondisclosure agreement. We note that it specifically requested fees and expenses in its notice of motion and that its request was granted sub silentio by the motion court which indicated that the motion was granted in its entirety.

The Special Referee's determination denying recovery of "fees on fees" was proper since the parties' agreement does not explicitly provide for such fees (*see 546-552 W. 146th St. LLC v Arfa*, 99 AD3d 117, 120 [1st Dept 2012]). The Special Referee also properly denied Discover legal fees incurred in defending Voskresenskaya because she is not a party to an agreement which provides for recovery of attorneys' fees (*see Gotham Partners, L.P. v High Riv. Ltd. Partnership*, 76 AD3d 203, 204 [1st Dept 2010], *lv denied* 17 NY3d 713 [2011]). Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.