Marina Fakiris, individually and derivatively as a member of GUSMAR ENTERPRISES LLC,

against
Gusmar Enterprises, LLC, KOSTAS FAKIRIS, DONNA NEUBAUER, SUMMIT WATERPROOFING & RESTORATION CORP., and SUMMIT DEVELOPMENT CORP. 


14652/14

Martin E. Ritholtz, J.

The following papers were read on the motion and the two cross motions, seeking appointment of a permanent receiver or temporary receiver, summary judgment, and dismissal of a party
Papers Numbered
Notice of Motion - Affirmation - Exhibits 1-31 
Notices of Cross Motions and all opposition papers and Exhibits - 32-111
Reply papers and Exhibits - 112-130 
Defendant Kostas Fakiris and defendant Gusmar Enterprises, LLC have moved for, in effect, summary judgment on their first counterclaims asserted in their amended answers, which seek the dissolution of defendant Gusmar Enterprises, LLC, and for other relief. Plaintiff Marina Fakiris has cross moved for, inter alia, summary judgment on the issue of liability arising under her complaint. Defendant Donna Neubauer has cross moved for summary judgment dismissing the complaint against her.
I. THE MOTION BY DEFENDANT FAKIRIS AND BY DEFENDANT GUSMAR ENTERPRISES, LLC
A. The Allegations Of The Defendants
The late Pantelis ("Peter") Fakiris (hereinafter "Peter"), defendant Kostas Fakiris (hereinafter "Kostas"), and plaintiff Marina Fakiris (hereinafter "Marina") organized defendant Gusmar Enterprises, LLC, a rental real estate company, in 1997. Pursuant to the company's operating agreement, Peter acted as the sole managing member. Peter died in April, 2013, leaving his children, Kostas and Marina, as the remaining members of the company.
On April 25, 2013, Kostas and Marina amended the operating agreement by appointing themselves as the new managing members of the company and designating defendant Donna Neubauer as a party capable of casting the deciding vote in case of a stalemate between Kostas and Maria.
The relationship between Kostas and Marina turned acrimonious. First, Marina sued their mother over a dispute concerning the estate of Peter Fakiris, and Kostas sided with his mother. Second, in August, 2015, Marina again sued her mother seeking her eviction from property they owned jointly and the payment of back rent. Third, Gusmar mortgaged three properties located at 110 Front Street, Long Island City, Queens County, New York, 13-15 37th Avenue, Long Island City, New York, and 1695 Shipyard Lane, Long Island City, New York.
On September 5, 2014, Maspeth Savings Bank, the mortgagee on the first two properties, advised Gusmar that the company had the option of paying off the mortgages, which required interest at the rate of 6.5% per annum, on December 1, 2014 or refinancing the properties. Maspeth offered mortgages requiring the payment of only 4% per annum, which Marina at first agreed to accept, but she later refused to execute a refinancing agreement, allegedly because of animosity toward Kostas.
The mortgages went into default, and she did not comply with a letter from her brother's attorney requesting her to take action. Maspeth has not yet begun foreclosure proceedings. Fourth, on or about August 5, 2013, a boat owned by Gusmar sank. Gusmar filed a claim with its insurer, Markel American Insurance Company, which had insured the boat for $525,000, but the insurer denied the claim on the ground that the company had not reported the death of Peter to it. Markel subsequently began an action in federal court for a judgment declaring that the insurance policy was null and void. Marina allegedly did not want to spend $50,000 to pay an attorney to defend the action, which Kostas and his attorney ultimately settled for $495,000. Marina then refused her consent to the release of the $495,000 from escrow to be shared equally with Kostas. Fifth, despite the resistance of Kostas, Marina has tried to terminate a lease held by defendant [*2]Summit Development Corp., one of tenants in the 13-15 37th Avenue property owned by Gusmar. As a result of this acrimonious dispute, Donna Neubauer relinquished her authority to cast the decisive vote in case of a deadlock between the managing members. Sixth, upon the resignation of Neubauer, the operating agreement authorized the managing members to elect a successor. Marina rejected the candidates proposed by Kostas and refused to propose another candidate.
B. Procedural History
Plaintiff Marina began this action by the filing of a summons and complaint on October 6. 2014. Kostas subsequently moved for the dissolution of the company, and Marina cross moved for the appointment of a temporary receiver. Upon the urging of the court, the parties withdrew the motion and the cross motion to explore the possibility of settlement, and, after they failed to agree on the selection of an appraiser for the value of the company, the court issued an order dated April 8, 2016 appointing Michael Pavlakos of East Coast Appraisal to the position. The appraiser completed his work and rendered his report, but Marina did not accept it and hired her own appraiser.
C. The First Counterclaim
The first counterclaim seeks the dissolution of Gusmar Enterprises, LLC.
Limited Liability Company Law §702, "Judicial dissolution," provides in relevant part: "On application by or for a member, the supreme court in the judicial district in which the office of the limited liability company is located may decree dissolution of a limited liability company whenever it is not reasonably practicable to carry on the business in conformity with the articles of organization or operating agreement." (See, Matter of Kassab v. Kasab, 137 AD3d 1135; In re Extreme Wireless, LLC., 299 AD2d 549; Spires v. Casterline, 4 Misc 3d 428; Schindler v. Niche Media Holdings, LLC, 1 Misc 3d 713.)
Judicial dissolution of a limited liability company can be ordered where a complaining member establishes that the business is unable to function as intended or that it is financially unsound. ( See, Schindler v. Niche Media Holdings, LLC, supra.) "[F]or dissolution of a limited liability company pursuant to LLCL 702, the petitioning member must establish, in the context of the terms of the operating agreement or articles of incorporation, that (1) the management of the entity is unable or unwilling to reasonably permit or promote the stated purpose of the entity to be realized or achieved, or (2) continuing the entity is financially unfeasible ***." ( In re 1545 Ocean Ave., LLC, 72 AD3d 121, 131; see, In re Eight of Swords, LLC, 96 AD3d 839; Kassab v. Kasab, 137 [*3]AD3d 1135.)
"[D]issolution is reserved for situations in which the LLC's management has become so dysfunctional or its business purpose so thwarted that it is no longer practicable to operate the business, such as in the case of a voting deadlock or where the defined purpose of the entity has become impossible to fulfill." ( In re 1545 Ocean Ave., LLC, supra, 131, quoting Matter of Arrow Inv. Advisors, LLC, 2009 WL 1101682, *2 [Del. Ch. 2009] ).
In the case at bar, counterclaimant Kostas established prima facie that the management of the company has become so dysfunctional that it is no longer practicable to operate the business. (See, In re 1545 Ocean Ave., LLC, supra.) In opposition, Marina failed to raise a triable issue of fact precluding summary judgment. (See, Alvarez v. Prospect Hospital, 68 NY2d 320.) This is not a case where the conflicting allegations of a party require a hearing on the matter of dissolution. (Compare, Matter of Steinberg, 249 AD2d 551 Samsung Am., Inc. v. Yugoslav-Korean Consulting & Trading Co., 248 AD2d 290; Giordano v Stark, 229 AD2d 493; Application of Glamorise Foundations, Inc., 228 AD2d 187; Matter of Kournianos, 175 AD2d 129; Matter of McDougall [Manhattan Ad Hoc Housewares], 150 AD2d 160; Matter of Ricci v First Time Around, 112 AD2d 794.) Summary judgment is warranted.
Plaintiff Marina and defendant Kostas have equal votes in the company and cannot agree on such fundamental matters as the refinancing of the mortgages. The parties cannot agree on the rent that Summit Development, owned by defendant Kostas, should be paying for the occupancy of a building owned by Gusmar. They cannot even agree on the release of $495,000 held in escrow for the benefit of Gusmar. They are suing each other for financial improprieties. While it is true that the operating agreement authorizes defendant Neubauer to cast a tie-breaking vote, the relationship between plaintiff Marina and defendant Neubauer has totally broken down, and, indeed, the former has sued the latter in this action for financial misconduct. Kostas and Marina cannot agree on someone to replace Neubauer as the tie-breaker.
Finally, the court observes that plaintiff Marina has completely undermined her opposition to the dissolution of Gusmar by cross-moving for the appointment of a temporary receiver.
D. The Fourth Counterclaim
The fourth counterclaim asserted against plaintiff Marina seeks the recovery of damages for breach of fiduciary duty. A managing member of a limited liability company [*4]owes a fiduciary duty to other members of the company and to the company itself. See, Jones v. Voskresenskaya, 125 AD3d 532; Pokoik v. Pokoik, 115 AD3d 428; Salm v. Feldstein, 20 AD3d 469.
The elements of a cause of action for breach of fiduciary duty are (1) the existence of a fiduciary duty owed by the defendant; (2) a breach of that duty; and (3) resulting damages. (Jones v. Voskresenskaya, supra).
Alternatively put, in a widely-respected treatise by Ernest Edward Badway, Esq., in New York Causes of Action: Elements and Defenses:
To establish a breach of fiduciary duty, a plaintiff must prove the existence of:
1) a fiduciary relationship;
2) misconduct, including
3) situations of self dealing or personal interest conflicts;
4) the fiduciary injuring or acting contrary to the interests of the person to whom a duty of loyalty is owed; and
5) damages that were directly caused by the defendant's misconduct.
Ernest Edward Badway New York Causes of Action: Elements & Defenses 2016 section 1-13, pp. 11-12 (New York Law Journal publishers 2016).

In the case at bar, summary judgment on the fourth counterclaim is precluded by issues of fact pertaining to whether plaintiff Marina conducted the affairs of Gusmar in good faith and with due care.
E. The Fifth Counterclaim
The fifth counterclaim asserted against plaintiff Marina seeks the recovery of damages for breach of the duty of good faith and due care owed to Gusmar. This counterclaim is duplicative of the fourth counterclaim. A fiduciary is required to perform his duties (1) in good faith and with due care. (See, Stilwell Value Partners, IV, L.P. v. Cavanaugh, 118 AD3d 518; Waldman v. 853 St. Nicholas Realty Corp., 64 AD3d 585; Doppelt v. Denahan, 47 Misc 3d 1224[A] [Table], 2015 WL 3461082 [Text].)
F. The Appointment Of A Receiver Pursuant to LLCL § 703
LLCL §703, "Winding Up," provides, in relevant part:
Upon cause shown, the supreme court in the judicial district in which the office of [*5]the limited liability company is located may wind up the limited liability company's affairs upon application of any member, or his or her legal representative or assignee, and in connection therewith may appoint a receiver or liquidating trustee.
Counterclaimant Kostas has demonstrated that the judicial dissolution of Gusmar is warranted. He has also demonstrated that, considering the level of managerial dysfunction, there is a necessity for the appointment of a receiver of the company to conduct its affairs during the winding up of the business. (See, Limited Liability Company Law § 703[a]; Doyle v. Icon, LLC, 103 AD3d 440; At the Airport v. Isata, LLC, 18 Misc 3d 1106[A][ Text], 2007 WL 1631435 [Table].)
The Court appoints Ernest Edward Badway, Esq., of Fox Rothschild, LLP, as permanent receiver. This case, with its irreconcilable differences, calls for the appointment of a receiver with great legal scholarship, unimpeachable integrity, and prominent reputation. Mr. Badway is a widely-respected and highly-regarded practicing attorney, law school professor on corporations and securities law, and author of a highly useful and authoritative treatise New York Causes of Action: Elements & Defenses 2016 (New York Law Journal publishers).
II. THE CROSS MOTION BY PLAINTIFF MARINA FAKIRIS
A. The General Allegations of the Plaintiff
Plaintiff Marina and defendant Kostas are equal owners and managing members of defendant Gusmar, which has an operating agreement. Defendant Kostas is an officer and a 40% owner of Summit Development Corp. which does business as Summit Waterproofing and Restoration Corp. Summit Development is a tenant at property known as 13-15 37th Avenue, Long Island City, New York, which is owned by defendant Gusmar. Defendant Donna Neubauer is the comptroller of defendant Summit Development and also the comptroller of Gusmar. Defendant Kostas also owns a business known as Greenlight Initiative, another tenant at 13-15 37th Avenue, Long Island City, New York.
B. Summary Judgment On The Causes Of Action Asserted In the Complaint
1. The First Cause Of Action Asserted Against Defendant Kostas
The first cause of action alleges that:
1. defendant Summit Development and Greenlight pay no rent despite being [*6]tenants at the property owned by Gusmar,
2. Gusmar made a $100,000 loan to defendant Summit Development which has not been repaid,
3. defendant Kostas has failed to share rents collected from other tenants at Gusmar's property,
4. defendant Kostas withdrew more than $15,000 of Gusmar's funds without authorization, and
5. defendant Kostas has engaged in wasteful litigation over an insurance claim for a boat. The first cause of action seeks damages pursuant to Article 6.4 of the operating agreement which requires a member of the company to indemnify it for costs or damages incurred by the company because of unauthorized actions by the member.
Defendant Kostas alleges in opposition that during the years that Peter managed Gusmar ( up until April, 2013), instead of requiring Summit to pay rent, he had Summit pay substantial carrying costs, utility bills, the salary of a Gusmar employee named Maria Seas, and repair bills of Gusmar. After Peter's death in April, 2013, defendant Kostas continued this tradition. Moreover, in June, 2015, Summit began paying $9,040 per month in rent to Gusmar instead of continuing the traditional arrangement, and Summit continued to pay $9,040 per month in rent as ordered by Landlord-Tenant Court in February, 2016.
Defendant Kostas further alleges in opposition that prior to April, 2013, Peter acted as the sole managing member of Gusmar and made all of the loans that plaintiff complains about except for two ($19,000 and $7,252.90) which have already been repaid.
Defendant Kostas also alleges that funds withdrawn from Gusmar, for, inter alia, tuition payments, were authorized by Peter or balanced out by withdrawals for Marina's benefit, or were gifts authorized by Marina. Defendant Kostas denies any misconduct on his part
There are issues of fact and credibility which are inappropriate for summary judgment treatment. (See, Bi Bo Chiu v. Malik, 86 AD3d 548; Dayan v. Yurkowski, 238 AD2d 541; T & L Redemption Center Corp. v. Phoenix Beverages, Inc., 238 AD2d 504; First New York Realty Co., Inc. v. DeSetto, 237 AD2d 219.)
2. The Second Cause of Action Asserted Against Defendant Kostas
The second cause of action rests on the allegations of wrongful conduct made in the first and seeks damages for breach of fiduciary duty pursuant to common law and provisions of the operating agreement requiring good faith by members. Summary judgment is not warranted. (See, Bi Bo Chiu v. Malik, supra; Dayan v. Yurkowski, supra ; T & L Redemption Center Corp. v. Phoenix Beverages, Inc., supra; First New York Realty Co., Inc. v. DeSetto, supra.)
3. The Third Cause of Action Asserted Against Defendant Kostas
The third cause of action rests on allegations of wrongful conduct made in the first and seeks damages for unjust enrichment. Summary judgment is not warranted(See, Bi Bo Chiu v. Malik, supra; Dayan v. Yurkowski, supra ; T & L Redemption Center Corp. v. Phoenix Beverages, Inc., supra; First New York Realty Co., Inc. v. DeSetto, supra.)
4. The Fourth Cause of Action Asserted Against Defendant Kostas
The fourth cause of action rests on allegations of wrongful conduct made in the first and seeks damages for gross negligence. Summary judgment is not warranted. (See, Bi Bo Chiu v. Malik, supra; Dayan v. Yurkowski, supra ; T & L Redemption Center Corp. v. Phoenix Beverages, Inc., supra; First New York Realty Co., Inc. v. DeSetto, supra.)
5. The Fifth Cause Of Action Asserted Against Defendant Kostas
The fifth cause of action rests on allegations of wrongful conduct made in the first and seeks damages for violation of LLCL §409, "Duties of managers," which provides in relevant part: "(a) A manager shall perform his or her duties as a manager, including his or her duties as a member of any class of managers, in good faith and with that degree of care that an ordinarily prudent person in a like position would use under similar circumstances." Summary judgment is not warranted. (See, Bi Bo Chiu v. Malik, supra; Dayan v. Yurkowski, supra ; T & L Redemption Center Corp. v. Phoenix Beverages, Inc., supra; First New York Realty Co., Inc. v. DeSetto, supra.)
6. The Sixth Cause Of Action Asserted Against Defendant Kostas

The sixth cause of action rests on allegations of wrongful conduct made in the first and seeks a judgment removing defendant Kostas as a managing member of Gusmar. Not only is summary judgment precluded by issues of fact and credibility raised by the conflicting allegations of the parties (see, Colucci v. Canastra, 130 AD3d 1268, 1269 [ "questions of fact preclude summary judgment on the issue of defendant's removal as a director and officer"]; Bi Bo Chiu v. Malik, supra; Dayan v. Yurkowski, supra ; T & L [*7]Redemption Center Corp. v. Phoenix Beverages, Inc., supra; First New York Realty Co., Inc. v. DeSetto, supra), but the plaintiff cites no authority in support of the proposition that the court has the authority to remove a managing member of a limited liability company.
LLCL §414, "Removal or replacement of managers," provides in substance for the removal of managers by a vote of the members. While in the case of corporations, BCL§ 706, "Removal of directors," provides in relevant part that "(d) An action to procure a judgment removing a director for cause may be brought by the attorney-general or by the holders of ten percent of the outstanding shares, whether or not entitled to vote," there appears to be no similar provision applicable to limited liability companies. (See, Janklowicz v. Landa, 41 Misc 3d 1220[]A] [Table], 2014 WL 2620299 [Text] ["Unless there is a vote of a majority in interest of the members (LLC Law § 414), this court is unaware of a legal basis for directing, ordering or adjudging that an LLC member be removed from a management position."].)
7. The Seventh Cause of Action Asserted Against Defendant Kostas


The seventh cause of action rests on allegations of wrongful conduct made in the first and seeks an accounting."The right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest." (Palazzo v. Palazzo, 121 AD2d 261, 265; Lawrence v. Kennedy, 95 AD3d 955.) While plaintiff Marina may ultimately establish a right to an accounting, summary judgment on this cause of action would be premature in light of the issues of fact in this case. (See, Nappy v. Nappy, 40 AD3d 825.)
8. The Causes of Action Asserted Against Defendant Neubauer

The causes of action asserted against defendant Neubauer are dealt with in connection with her cross motion for summary judgment. Neither side is entitled to summary judgment.
C. Striking the Answer of Defendant Neubauer



Plaintiff Marina's attorney asserts that "during her sworn testimony, Defendant Donna Neubauer testified materially falsely when she claimed not to be the comptroller of Gusmar and with respect to improper payments being made directly by Gusmar to pay the college tuition of her children." While it may be true that a party's pleading may be stricken when materially false answers are furnished in response to discovery demands [*8](see, 
Garnett v. Hudson Rent A Car, 258 AD2d 559), under the circumstances of this case, where defendant Neubauer did eventually change her testimony at her deposition to give answers which the plaintiff regards as truthful, the striking of Neubauer's answer is not warranted.
D. Appointment Of A Temporary Receiver

In view of this Court's determination that the dissolution of Gusmar is necessary and that the appointment of a permanent receiver to wind up its affairs is also necessary, this branch of plaintiff's Marina's motion is moot.

E. Discovery

The prior orders of this court have already provided for discovery, and no further orders are required at this time.

III. THE CROSS MOTION FOR SUMMARY JUDGMENT BY DEFENDANTDONNA NEUBAUER
A. The Second Cause of Action As Asserted Against Defendant Neubauer

The second cause of action alleges that a fiduciary relationship exists between defendant Neubauer and plaintiff Marina arising from adoption of an amendment to the operating agreement dated April 25, 2013 which provides in relevant part that "in the event that there [sic: the] company decisions result in a stalemate between the Managing Members, then a third party, namely Donna Neubauer, shall cast the decisive vote to resolve such stalemate."
The plaintiff alleges that the amendment created a fiduciary duty between herself and Neubauer and that Neubauer breached her fiduciary duty by refusing to resolve stalemates between the plaintiff and Kostas, including those that pertain to alleged unauthorized withdrawals and the repayment of loans. "A fiduciary relationship 'exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation' ***." (EBCI, Inc. v. Goldman, Sachs & Co., 5 NY3d 11, 
19, quoting Restatement [Second] of Torts § 874, Comment a.) 
The Court finds that there was a fiduciary relationship between the plaintiff and Neubauer arising from the operating agreement, and the court further finds that there are issues of fact pertaining to this cause of action as asserted against defendant Neubauer [*9]which preclude summary judgment for either side. (See, Alvarez v. Prospect Hospital, 68 NY2d 320.) 

The Court also finds that there are issues of fact concerning whether Neubauer owed a fiduciary duty to Gusmar arising from her alleged role in the company and whether she breached that duty. For example, there are conflicting allegations concerning whether defendant Neubauer was ever requested to act a tie-breaker and whether she took improper payments (e.g., tuition payments for her children) from Gusmar.
The Court notes that defendant Neubauer was also an employee of Summit Development, a tenant allegedly not paying fair market rent to Gusmar, and may have had divided loyalties. "It is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect." (Birnbaum v. Birnbaum, 73 NY2d 461, 466.) The second cause of action also alleges that defendant Neubauer aided and abetted breaches of fiduciary duty by defendant Kostas. "To recover damages for aiding and abetting a breach of fiduciary duty, a plaintiff must plead and prove that a fiduciary duty owed to the plaintiff was breached, that the defendant knowingly induced or participated in the breach, and that the plaintiff was damaged as a result of the breach." (Smallberg v. Raich Ende Malter & Co., LLP, 140 AD3d 942, 944.) The court finds that the conflicting allegations of the parties have created issues of fact and credibility which prelude summary judgment on the cause of action for aiding and abetting breaches of fiduciary duty by defendant Kostas.
B. The Third Cause of Action As Asserted Against Defendant Neubauer



There are issues of fact and credibility which preclude summary judgment on the third cause of action which is for unjust enrichment.
C. The Fourth Cause of Action As Asserted Against Defendant Neubauer



The fourth cause of action as asserted against defendant Neubauer is for gross negligence in the management of Gusmar. Summary judgment is precluded by issues of fact and credibility pertaining to, inter alia, whether defendant Neubauer participated in the management of Gusmar as its comptroller or otherwise.
D. The Fifth Cause of Action As Asserted Against Defendant Neubauer



Summary judgment on the fifth cause of action, which is based on LLCL §409 [*10]"Duties of managers," is precluded by issued of fact and credibility pertaining to, inter alia, whether defendant Neubauer participated in the management of Gusmar as its comptroller or otherwise.
IV. DISPOSITION

NOW THEREFORE, on the aforementioned motion and cross-motions, it is
ORDERED, that the branch of the motion by defendant Kostas which is for summary judgment on his first counterclaim is granted, and it is further
ORDERED, that the branch of the motion by defendant Kostas which is for summary judgment on his fourth counterclaim is denied, and it is further
ORDERED, that the branch of the motion by defendant Kostas which is for summary judgment on his fifth counterclaim is denied, and it is further
ORDERED, that the branch of the motion by defendant Kostas which is for the appointment of a receiver pursuant to LLCL § 703 is granted, and the Court appoints Ernest Edward Badway, Esq., of Fox Rothschild, LLP, as permanent receiver, and it is further
ORDERED, that the cross motion by plaintiff Marina is denied, and it is further
ORDERED, that the cross motion by defendant Neubauer is denied, and it is further

        ORDERED,
that Ernest Edward Badway, Esq., of Fox Rothschild LLP, 100 Park Avenue, Suite 1500, New York, New York 10017-5516, tel (212) 878-7900 be, and he hereby is, appointed Permanent Receiver of the parcels of real property which are the subject of this action, to wit, and not limited to, 13-15 37th Avenue (Block 350, Lot 36), Long Island City, New York, 11101, and 1695 Shipyard Lane, East Marion, New York 11939, and 110 Front Street, Greenpoint, New York, 11944, and of the rents and profits therefrom during the pendency of this action, with the usual powers and duties enjoyed and exercised by Receivers according to the practice of this Court, and of the statutes in such case made and provided, and it is further
ORDERED, that said Receiver take possession of the aforesaid real property and determine all of the debts, liabilities and expenses associated with the maintenance and preservation thereof and pay said debts and liabilities as same become due, and it is [*11]further
ORDERED,
that the said Receiver is hereby authorized, empowered, and directed to demand and take all steps necessary to collect from the tenant(s) of said real property, or from any persons liable therefore, all rents and profits thereof now due and unpaid or hereafter to become due during the pendency of this action, and said tenant(s) be and hereby are directed to pay over to said Receiver any and all rents now due and unpaid or hereafter due during the pendency of this action, and all persons in possession, other than lawful tenant(s) are hereby directed to surrender possession to said Receiver, and it is further

ORDERED, that said Receiver is authorized to lease the aforesaid real property, or any part thereof, which is or may become vacant for not less than fair market value, for a term not exceeding one (1) year or for any longer term permitted by statute and to keep the aforesaid real property in proper state of repair, insured against loss, by fire or otherwise, including liability insurance, make any expenditures necessary for said purpose(s), including any necessary business expenses. All repairs shall not exceed $5,000.00, except with the approval of this Court, and it is further
ORDERED,
that said Receiver is authorized to pay any taxes, water rates, or assessments now due on the aforesaid real property, or hereafter during the pendency of this action, to institute and continue with legal proceedings as may be necessary for the protection of the recovery of any portion of the aforesaid real property, for the collection of rents and profits, and for the removal of any tenant or other person from the aforesaid real property or any part thereof, and it is further
 ORDERED,
that said Receiver may retain counsel for the purpose of initiating or continuing any legal proceedings and it is further
ORDERED, that said Receiver may also, in his discretion, if deemed appropriate and warranted, may take over control of the corporation as well as being allowed to direct management and employees so that he may wind down the corporate entity, and it is further
ORDERED,
that any tenant(s) of the aforesaid real property and all persons liable for said rents and profits are hereby enjoined and restrained from paying any rents or profits to any party other than the Receiver, his agents, servants, employees or attorneys, and it is further


ORDERED, the parties to this action, their designated or representative agents, servants, employees and attorneys, shall provide the Receiver or his designated agent, true [*12]and complete copies of (a) all bank records and/or documents in their actual or constructive possession relating to the rents and profits from the aforesaid real property commencing with the date on which this action was filed until the present, (b) all leases, licenses and other agreements with tenants or occupants of the aforesaid real property, and (c) all contracts, licenses and leases for equipment and building systems and services, and it is further
ORDERED, that the parties to this action and their representatives or designated agents, servants, employees or attorneys and each of them are hereby enjoined and restrained from collecting any rents or profits of the aforesaid real property, or from any part thereof, and from interfering in any manner with said Receiver, and it is further
ORDERED, that said Receiver shall retain all monies that he may receive by virtue of his receivership until further Order of this Court, except to the extent that this Order expressly authorizes the Receiver to pay out same for the maintenance and preservation of the aforesaid real property, and it is further


ORDERED, that in accordance with the provisions of the Uniform Civil Rules for the Supreme Court §§ 202.52(a) and (b) said Receiver shall promptly deposit all monies received by him in a segregated checking account or interest bearing account in an FDIC approved bank, in the Receiver's name, identifying the name of this action, and it is further


ORDERED, that said Receiver, or any party to this action, at any time and upon proper notice to all parties to the action and the Receiver, may apply to this Court for further or additional instructions and powers whenever such instructions or additional powers shall be deemed necessary in order to enable said Receiver to perform properly and legally the duties of his office or for modification of any of the terms of this Order, and it is further
ORDERED, that any attorney fees to be paid by said Receiver shall not be paid without prior approval of the Court and proper notice to all parties, and it is further 

ORDERED, that no fee shall be paid to said Receiver until said Receiver has filed and completed Form USC-830 in full, whereupon the Court shall award the Receiver compensation based upon statute and the fair and reasonable value of the services rendered in this action, and it is further


ORDERED, that before entering upon the duties of this trust, such Receiver make, execute and deliver and cause to be filed with the Clerk of this County a bond to the People of the State of New York in the sum of $50,000.00 with a fidelity or surety [*13]company, as surety, authorized by the laws of the State of New York to transact business, conditioned on the faithful performance of his duties as said Receiver, and also execute and file an Oath that he will faithfully and fairly discharge the trust committed to him, and it is further
ORDERED, that the Receiver shall keep written accounts, itemizing receipts, and authorized expenditures, which accounts shall be open for inspection by the parties to this action, and it is further


ORDERED, that the Receiver, by accepting this appointment, certifies that he is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36) including but not limited to sections 36.2 (c) ("Disqualifications from appointment") and 36.2 (d) ("Limitations on appointments based upon compensation").
The foregoing constitutes the decision, order, and opinion of the Court.
Dated: Jamaica, New York
November 21, 2016
_________________________________
Hon. Martin E. Ritholtz
Justice, Supreme Court, Queens County